WEBER ET AL., APPELLANTS, *v.* WILLIAMS, AUDITOR, ET AL., APPELLEES.

(No. 4-72-2—Decided August 3, 1972.)

*Messrs. Hyman, McMaster & Cook* and *Mr. J. David Webb,* for appellants.

*Mr. John P. Goldenetz,* city solicitor, and *Mr. Almer Ryan,* for appellees.

*Per Curiam.* This appeal is from a judgment of the Common Pleas Court, pursuant to a motion, dismissing a petition for injunction against annexation of territory to the city of Defiance, filed under the provisions of R. C. 709.-07. The petitioners consist of four persons petitioning in their individual right, as representatives of a class, and in their official capacity as the members of the Board of Township Trustees and as the Clerk of Noble Township, Defiance County.

They allege that their "interests are adversely affected by the proposed annexation"; that they "are interested persons by virtue of the fact that they are the Board of Trustees and Clerk of Noble Township, and are resident freeholders and taxpayers in Noble Township"; and that the proposed annexation adversely affects their legal rights or interests in that:

"a. It will be unfair and unjust to the remaining owners of real estate in and of Noble Township, in that a large amount of taxable valuation will be removed from the Township, while future operating expenses will not be diminished to any extent, thus placing an increased tax burden upon the remaining residents and owners of real estate, including the plaintiffs herein, in their individual capacity.

"b. It will deprive the plaintiffs, as trustees, and clerk, of needed funds for the operation of the township."

The action having been dismissed by the Court of Common Pleas without hearing on the merits, the appeal to this court involves solely the issue of the capacity of the petitioners to maintain the action based on the allegations set forth in their petition. Additionally, it is conceded by the parties that the petitioners neither own land nor reside in the area of Noble Township sought to be annexed to the city of Defiance. We reject any further consideration of the right of the petitioners to maintain a class action as the procedure for class actions set forth in Civil Rule 23 has not been followed.

R. C. 709.07 prescribes that "within sixty days from the filing of the papers relating to the annexation with the auditor or clerk * * * *any person interested* may make

application by petition to the Court of Common Pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority." (Emphasis added.) The primary issue then becomes whether each or any of the petitioners herein constitutes "any person interested." The interpretation of this phrase has over the years been the subject of many opinions by trial courts with reference to both incorporation and annexation proceedings. A detailed and thorough consideration of the authorities then existing in this field is contained in the case of *McClintock* v. *Cain,* 142 N. E. 2d 296, decided by Judge Bartlett of the Franklin County Court of Common Pleas. An entire series of cases in the Court of Common Pleas of Franklin County, decided by various judges, appears in 154 N. E. 2d, from page 185 to page 224, inclusive. See, also, *Lockland* v. *Shaver* (Hamilton County Common Pleas Court), 98 N. E. 2d 643; *Markos* v. *Cain* (Franklin County Common Pleas Court), 146 N. E. 2d 890; and *Chadwell* v. *Cain,* 169 Ohio St. 425, 160 N. E. 2d 239. However, the existing authorities in this field have not interpreted the meaning of "any person interested" in the light of the amendments to R. C. 709.02 *et seq.,* which became effective December 1, 1967, and November 21, 1969. In our opinion, these sections of the Code are *in pari materia* and must, of course, be construed together. This is particularly necessary in that annexation proceedings are wholly statutory in their nature and in that the action filed in the Court of Common Pleas is also solely of statutory derivation.

Before we examine the statutes, however, we reflect further on the nature of the statutory proceeding herein involved. The provisions of R. C. 709.07 are derived, with some modification as to terms but no essential modification as to nature, from the previously existing provisions of R. C. 707.11 through 707.14. These, in turn, were evolutionary developments of Chapters Two, Fifty-Five and Fifty-Six of the Municipal Code as it existed in 1874. In interpreting those chapters it was held by the Supreme Court, in *Hulbert* v. *Mason,* 29 Ohio St. 562, that the statu-

tory proceeding for injunction there prescribed "is not in the nature of a bill in equity or of a civil action, but of a proceeding in error," in that it is only for "errors" or for inaccuracy of description that the injunction can be allowed. This conclusion is still applicable, because a petitioner filing under R. C. 709.07 need not show irreparable damage, need show as a requisite to further consideration that the proposed annexation adversely affects his legal rights or interests, and may obtain an injunction only if he is able to prove "error in the proceedings before the board of county commissioners" "or that the board's decision was unreasonable or unlawful." Thus, in the sense that the word is used in present day jurisprudence, the proceeding in the Court of Common Pleas under R. C. 709.07 is in the nature of an appeal, and, as is true with appeals generally, the appellant must have been a party to the proceedings from which he appeals and must have been aggrieved by the decision from which he appeals.

Were the petitioners in the Court of Common Pleas, appellants in this court, parties to the annexation proceeding before the Board of County Commissioners and aggrieved by its decision?

Reference to R. C. 709.02 shows that "the *owners of real estate adjacent to a municipal corporation* may, *at their option*, cause such territory to be annexed thereto, in the manner provided by Sections 709.03 to 709.11, inclusive, of the Revised Code." (Emphasis added.)

It will be noted that persons not owning any of the real estate to be annexed are not qualified as petitioners and that the option to have such territory annexed is solely that of the owners of such territory, and not of anyone else. Reference to R. C. 709.032 shows that "*Any person interested* may appear, in person or by attorney, and any other person may appear in person, and support or contest the granting of the prayer of the petition provided for by Section 709.02 of the Revised Code." (Emphasis added.) This provision is wholly new in annexation (or incorporation) proceedings, and we find no similar provision elsewhere. It will be observed that the phrase "any person interested" is also used here and that this phrase

has a particular significance in that such persons may appear either in person or by attorney. Other persons may appear only in person. This is important in that a party to a proceeding ordinarily may be represented by an attorney, whereas a person who is not a party to a proceeding is not usually entitled to appearance or representation at all except when specifically otherwise provided. Here it is specifically otherwise provided that he may appear in person only.

We then look to R. C. 709.033 as to the order for annexation. A board of county commissioners is permitted to enter such order upon its journal if it finds that:

"(A) The petition contains all matter required in Section 709.02 of the Revised Code.

"(B) Notice has been published as required by Section 709.031 [709.03.1] of the Revised Code.

"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.

"(D) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; *and the general good of the territory sought to be annexed will be served if the annexation petition is granted.*" (Emphasis added.)

Again it will be observed that no consideration is to be given to the territory of the township not included in the annexation proceeding, except that consideration which may be implied by the determination under subdivision (D) that the territory included in the annexation petition is not unreasonably large. The matter of "general good" pertains only to the territory sought to be annexed, and an alteration of tax base detrimental to the area not annexed is of no legal consequence in arriving at this determination. Compare *Powers* v. *County Commrs.*, 8 Ohio St. 285.

By legislation which also became effective on Decem-

ber 1, 1967, the General Assembly prescribed by amendment to R. C. 707.07(D) relating to incorporation, that "the general good of the community, including both the proposed municipal corporation *and the surrounding area,* will be served if the incorporation petition is granted." (Emphasis added.) It is obvious that the General Assembly knew how to distinguish, and did distinguish, between the criteria for incorporation and that for annexation.

We conclude that the legislative intent is that the parties to the proceeding before the board of county commissioners must be only the owners of the real estate sought to be annexed which, of course, includes nonpetitioning owners as well as petitioning owners. They are the interested persons who may "appeal" the commissioner's determination by filing the injunction action in the Court of Common Pleas. If they are able to allege (R. C. 709.07 [A][1]) and prove (R. C. 709.07 [D][1]) that the annexation would adversely affect their legal rights or interests they thus show themselves to be aggrieved persons having the capacity to maintain the action. If they then can prove error in the proceedings before the board of county commissioners or that the board's decision was unreasonable or unlawful (R. C. 709.07 [D][2]) they will prevail in the Court of Common Pleas, and the resulting injunction will have the effect of reversing and setting aside the proceedings before the county commissioners. .

We must affirm the judgment of the Court of Common Pleas, dismissing the injunction petition, because the petitioners were not, in any capacity, owners of real estate in the area to be annexed. They were likewise not aggrieved, because their only complaint pertains not to the good of the territory to be annexed but pertains only to the unincorporated territory thereafter remaining.

*Judgment affirmed.*

YOUNGER, P. J., GUERNSEY and COLE, JJ., concur.