EATON ET AL., APPELLEES, *v.* BD. OF COUNTY COMMRS. OF SUMMIT COUNTY, APPELLEES; FOGARTY ET AL., APPELLANTS.

[Cite as Eaton v. Bd. of County Commrs. (1973), 45 Ohio App. 2d 316.]

(No. 7044—Decided April 4, 1973.)

*Messrs. Blakemore, Rosen, Miller & Norris* and *Mr. William E. Howard,* for appellees.

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. Michael Kristoff, Sr.,* for the board of county commissioners of Summit County.

*Brouse & McDowell Co., L. P. A.* and *Mr. Joseph M. Holden,* for appellants.

VICTOR, J. This appeal is from an order of the Court of Common Pleas dismissing William J. Fogarty, Frank J. Gaffney, and Ford S. Crile as parties-appellee in Eaton's appeal from a decision of the board of county commissioners; hence, Fogarty, Gaffney and Crile are the appellants in this appeal.

One Hugh M. Eaton, Jr. (an appellee herein), the owner of 115 acres of land in Bath Township, filed a petition with the board of county commissioners to have that real estate annexed to the city of Fairlawn. The petition was denied after a public hearing was conducted. The appellants, the township trustees of Bath Township, personally appeared at that hearing to contest the granting of Eaton's petition. The petition was denied and Eaton appealed to the Court of Common Pleas, naming the board of county commissioners of Summit County as appellees.

Thereafter, Fogarty, Gaffney and Crile sought, in that proceeding, to intervene as adverse parties (appellees). Eaton filed a motion to strike such entry of appearance for the reason that such parties "are not residents of the area sought to be annexed * * * and, accordingly, are not 'interested persons' within the meaning of Section 709.07 of the Ohio Revised Code."

It is conceded that the appellants are neither residents in, nor owners of any real estate in the territory sought to be annexed. The Court of Common Pleas found that they were not "interested persons," within the purview of R. C. 709.07, and granted Eaton's motion to strike. From that judgment, they have appealed to this court, asserting that the trial court erred in dismissing them as parties-appellee.

Fogarty, Gaffney, and Crile seek to intervene in that appeal, under the authority of R. C. 709.032, which pro-

318

vides that at the public hearing on annexation "[a]ny person interested may appear, in person or by attorney, and any other person may appear in person, and support or contest the granting of the prayer of the petition * * *."

Appellants contend that, since "any other person" may appear at the public hearing to support or contest annexation, any such person may thereafter appear as a party appellant, contesting the action of the board of county commissioners, if it approves the petition for annexation, and, if it denies the petition, as a party appellee to assist the board on appeal.

By seeking to become such parties-appellee, the appellants are continuing to contest annexation. Pursuant to R. C. 709.07, this can be done only by an "interested person," rather than by "any other person," as that term is used in R. C. 709.032.

The case of *Weber* v. *Williams* (1972), 32 Ohio App. 2d 65, holds that the statutory remedy provided by R. C. 709.-07 is in the nature of an appeal from an order of the board of county commissioners granting annexation, and is limited to only "any person interested" (who is further designated, in that case, as the owner of real estate in the territory sought to be annexed).

The appellants, Fogarty, Gaffney and Crile, are not in such a position. It is true that the petition was denied, and that R. C. 709.07 refers only to an action wherein the petition for annexation has been granted, and thereafter an injunction is sought. However, by seeking to become parties-appellee, and thereby seeking to sustain the position of the board of county commissioners, they are, in effect, seeking to "enjoin" annexation.

We conclude that to become such parties to the proceeding, they must be "interested persons," as that term has been construed in the *Weber* case. Since, admittedly, they do not qualify as such, they were properly stricken as parties-appellee. The judgment is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and MAHONEY, J., concur.