In re Petition for Annexation of Approximately 111 Acres to the City of Akron: Carlyn et al., Appellants and Cross-Appellees, *v.* Davis, Appellee and Cross-Appellant; Holcomb, Appellee.

(No. 9819—Decided February 25, 1981.)

*Messrs. Oestreicher, Sternberg & Manes* and *Mr. Marvin G. Manes,* for the Trustees of Springfield Township.

*Mr. Robert D. Pritt,* director of law, and *Ms. Patricia C. Ambrose,* for Edward Davis, clerk of council.

*Brouse & McDowell Co., L.P.A.,* and *Mr. John E. Holcomb,* for John E. Holcomb, agent for Goodyear Aerospace Corporation.

Mahoney, J. This is an appeal by Donald E. Carlyn, Paul Miller and Alfred E. Schrader, Trustees of Springfield Township (the Trustees), from a judgment denying their petition for injunction in a R.C. 709.07 action. The cross-appeal is taken by Edward Davis, Clerk of Council of the city of Akron (Davis), from that portion of the judgment upholding the standing of the Trustees to bring the action.

We reverse and enter final judgment in favor of Edward Davis.

*Facts*

On January 22, 1979, the Goodyear Aerospace Corporation, through its agent, John E. Holcomb, filed, with the Board of County Commissioners of Summit County (the Board), a petition for the annexation of about 111 acres of its property in Springfield Township to the city of Akron. The public hearing on the petition required by R.C. 709.031 was held by the Board on May 5, 1979. The Board thereafter failed to make a decision on the petition within the ninety-day period prescribed by R.C. 709.033. This circumstance caused Holcomb to obtain, from this court, a writ of mandamus which, in part, ordered the Board to reach a decision on the petition pursuant to R.C. 709.033. See *Holcomb* v. *Bd. of Commrs.* (Summit Cty. Ct. of Appeals No. 9386, October 11, 1979), unreported, affirmed (1980), 62 Ohio St. 2d 241 [16 O.O.3d 278].

On June 3, 1980, shortly after the decision of the Supreme Court, the Board approved the annexation petition. On June 17, 1980, the Trustees filed their petition for injunction, pursuant to R.C. 709.07. It is alleged in this petition that the Trustees, as individuals, appeared in person and by attorney at the May 5, 1979 public hearing. It is further alleged in the petition that the Board should have found that the territory to be annexed was "unreasonably large" under R.C. 709.033(D) and that its failure to so find was unreasonable, capricious, and contrary to the evidence. The Trustees prayed that Davis be enjoined from presenting the annexation documents from the Board to the City Council of the city of Akron (City Council) (R.C.

709.04), and that all proceedings in connection with the annexation be permanently enjoined. Both Holcomb and Davis thereafter moved to dismiss the petition on the basis that the Trustees had no standing to bring the action. As noted, the trial court denied the injunction request of the Trustees.

After the filing of the notice of appeal, we enjoined Davis from presenting the annexation documents to City Council pending appeal.

## Discussion

The assignment of the cross-appellant (Davis) reads as follows:

"The appellants [the Trustees] herein are not owners of property in the territory to be annexed, are not, therefore, 'interested parties' within the meaning of Section 709.07 of the Ohio Revised Code, and, therefore, lack standing to either petition for injunction against the proposed annexation or confer subject matter jurisdiction upon this court by appeal."

On May 5, 1979 (the date of the hearing), R.C. 709.032 and 709.07 provided (see 133 Ohio Laws [Part III] 2255 [R.C. 709.032] and 137 Ohio Laws [Part II] 2088 [R.C. 709.07]), in pertinent part:

R.C. 709.032:

"The hearing provided for in section 709.031 of the Revised Code shall be public. Any person interested may appear, in person or by attorney, and any other person may appear in person, and support or contest the granting of the prayer of the petition provided for by section 709.02 of the Revised Code. * * *"

R.C. 709.07:

"(A) Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation

petition and other papers to the legislative authority. The petition shall set forth facts showing:

"(1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;

"(2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 707.04, 709.032, or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful."

These statutes were both amended effective January 17, 1980 (see Am. S.B. No. 151, 113th General Assembly):

R.C. 709.032 provides, in part:

"The hearing provided for in section 709.031 of the Revised Code shall be public. Any person may appear, in person or by attorney, and support or contest the granting of the prayer of the petition provided for by section 709.02 of the Revised Code. * * *"

R.C. 709.07 provides, in part:

"(A) Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. The petition of a person interested shall set forth facts showing:

"(1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;

"(2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 707.04, 709.032, or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.

"The petition of any other person

shall set forth facts applicable to division (A)(2) of this section."

Also, effective January 17, 1980, R.C. 505.62 was enacted:

"A board of township trustees may enter into a contract with, and appropriate township general revenue fund moneys for the services of, an attorney to represent the township at annexation hearings before the board of county commissioners and upon any appeal of the board's decision pursuant to section 709.07 of the Revised Code."

The cross-appellant, Davis, argues that the trial court erred by applying amended R.C. 709.032 and 709.07 (effective January 17, 1980), retrospectively, by holding that the cross-appellees, the Trustees, have standing to bring the R.C. 709.07 action.

On May 5, 1979 (the date of the hearing), the Trustees, regardless of their manner of appearance, were not interested persons under R.C. 709.032, and, thus, were not parties to the proceeding before the Board of County Commissioners of Summit County. Not being parties, they could not have availed themselves of the "appeal" procedure provided by R.C. 709.07. *Weber* v. *Williams* (1972), 32 Ohio App. 2d 65 [61 O.O.2d 57]; see, also, *Eaton* v. *Bd. of County Commrs.* (1973), 45 Ohio App. 2d 316 [74 O.O.2d 485].

Under both former and present R.C. 709.07, the ability of a person to initiate an action springs from the person's status as a party in the relevant public hearing. Such status is not conferred by these statutes; it must already be possessed.

Only through application of amended R.C. 709.032, as augmented by R.C. 505.62, see *Weber* v. *Williams, supra,* at pages 68-69, could the Trustees be considered parties in the May 5, 1979 proceeding; and, only through application of amended R.C. 709.07 could they possibly use that status to challenge the annexation.

It is stated in *Coca-Cola Bottling Corp.* v. *Lindley* (1978), 54 Ohio St. 2d 1, 5-6 [8 O.O.3d 1], that:

"Ohio's constitutional prohibition against retroactive laws is designed to bar the General Assembly from passing new laws that 'destroy an accrued substantive right' (*Gregory* v. *Flowers* [1972], 32 Ohio St. 2d 48 [61 O.O.2d 295], paragraph three of the syllabus) and that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective]' (*Miller* v. *Hixson* [1901], 64 Ohio St. 39, 51). The prohibition against retroactive laws 'is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subject to new obligations thereby.' *Lakengren* v. *Kosydar, supra* (44 Ohio St. 2d 199 [73 O.O.2d 502]), at page 201."

Further, R.C. 1.58 operates "* * * as a savings clause to statutes which amend prior legislation." *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1, 8 [1 O.O.3d 1]; *Woodward* v. *Eberly* (1958), 167 Ohio St. 177 [4 O.O.2d 223]. R.C. 1.58 provides, in part:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

"* * *

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended."

The status of the Trustees as non-parties to the proceeding before the Board of County Commissioners of Summit County was fixed by former R.C. 709.032. The only party to that proceeding, which continued on through the commencement of the instant R.C. 709.07 action, was the Goodyear Aerospace Corporation. That corporation and Davis (the City Council clerk) had a substantive right, an immunity, not to be vexed with an action by the Trustees to enjoin the annexation.

We, therefore, conclude that, in this case, the application of amended R.C. 709.032 and 709.07, whereby the Trustees were allowed to challenge the annexation, constitutes a prohibited retrospective application of those statutes, and, further, violates R.C. 1.58. We do not decide whether the amended statutes and R.C. 505.62 now permit the Trustees, in their official capacity, to employ R.C. 709.07 to attack a decision made pursuant to R.C. 709.033 allowing an annexation.

Having reached this conclusion, we will not consider the appeal filed by the Trustees. We do not interpret App. R. 12(A) as requiring us to pass upon assignments of error advanced by persons lacking standing in the proceedings.

*Summary*

We sustain the assignment of error advanced in the cross-appeal. The judgment is reversed and the petition for injunction against annexation is dismissed.

*Judgment reversed and petition dismissed.*

BELL, P.J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.