In re Appeal of Bass Lake Community, Inc. et al. from Denial of Petition for Annexation.

[Cite as In re Appeal of Bass Lake Community, Inc. (1983), 5 Ohio St. 3d 141.]

(No. 82-1064—Decided June 8, 1983.)

142

*Peterson & Ibold Co., L.P.A.,* and *Mr. Dennis J. Ibold,* for appellees.

*Schwarzwald, Robiner, Wolf & Rock Co., L.P.A., Mr. Donald M. Robiner* and *Mr. Paul F. Levin,* for appellants.

*Mr. Robert D. Pritt,* director of law, and *Mr. Forrest W. Woodall,* urging affirmance for *amicus curiae,* city of Akron.

*Mr. Michael H. Cochran,* urging reversal for *amicus curiae,* Ohio Township Association.

*Per Curiam.* The issue presented in this case is whether the township trustees possessed the requisite standing to contest appellees' appeal to the court of common pleas. Because this court concludes that R.C. 709.07, establishing an injunction proceeding when the decision to annex is affirmative, provides the township trustees with their sole remedy, the appellants lack the requisite standing necessary to contest appellees' annexation appeal.

The procedure for annexation of territory to municipal corporations has been defined by R.C. Chapter 709. This court recognizes the important role played by township trustees in the process. In fact, public policy considerations mandate that township trustees be given the opportunity to actively participate. In response to those considerations the General Assembly has

made provision for notice to township trustees and has further enabled them to participate in annexation hearings before the county commissioners. However, the extent of participation by township trustees must be confined to the scope outlined by R.C. Chapter 709.

Appellants argue that the amendments to R.C. Chapter 709, enacted in 1980, expanded the class of persons who may be parties in annexation proceedings and that these amendments authorize the township trustees to participate in this appeal. Particularly cited is the change in the language of R.C. 709.032 which eliminated the distinction between "person interested" and "any other person." "Person interested" had previously been construed to include only landowners in the territory to be annexed. *Weber* v. *Williams* (1972), 32 Ohio App. 2d 65 [61 O.O.2d 57]. In addition, appellants cite R.C. 505.62, enacted at the same time that R.C. Chapter 709 was amended, which grants township trustees certain rights of appeal. When these provisions are read together, appellants believe that they imply a legislative intent to consider township trustees as interested and necessary parties and allow them to participate in an appeal.

However, the statutory language of the provisions appellants cite appears to contradict their position. R.C. 505.62 states:

"A board of township trustees may enter into a contract with, and appropriate township general revenue fund moneys for the services of, an attorney to represent the township at annexation hearings before the board of county commissioners *and upon any appeal of the board's decision pursuant to section 709.07* of the Revised Code." (Emphasis added.)

The language of this section clearly provides that the use of an attorney to represent the township upon an appeal is permitted solely when the appeal is pursuant to R.C. 709.07. That is not the present case. Appellees' appeal was taken under the authority of R.C. Chapter 2506, not as an R.C. 709.07 proceeding.

R.C. 709.07 states, in pertinent part:

"(A)  Within sixty days from the filing of the papers relating to the annexation * * * any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 * * * may make application by petition to the court of common pleas praying for an injunction * * *."

Appellants are correct that one no longer need be a property owner to pursue an R.C. 709.07 injunction. Since township trustees are able to appear and contest at an annexation hearing under R.C. 709.032, they are also allowed to take advantage of R.C. 709.07 and its remedy. To that extent, the 1980 amendments clearly overruled the prior holdings in *Weber* v. *Williams,* *supra,* and *Eaton* v. *Bd. of County Commrs.* (1973), 45 Ohio App. 2d 316 [74 O.O.2d 485].

In the present case, however, the county commissioners rejected the petition for annexation. R.C. 709.07, when read together with 709.033, allows persons to seek injunctive relief only when the county commissioners have

granted a petition allowing annexation. Thus, R.C. 709.07 provides no authority for the township trustees to seek injunctive relief. Since there is no authority under R.C. 709.07 for decisions denying petitions for annexation, that section provides no indication of a legislative intent to allow trustees to participate in this appeal.

In contrast, R.C. Chapter 2506 provides a right of appeal for those whose legal rights have been adjudicated by an action of an administrative board. In addition, R.C. 307.56 provides an appeal to the court of common pleas, under R.C. Chapter 2506, for those persons aggrieved by a decision of the county commissioners. However, R.C. 2506.01 expressly limits the availability of appeal to those whose rights, duties, privileges, benefits or legal relationships have been determined by the decision. Thus, a property owner of territory sought to be annexed, who is seeking annexation pursuant to R.C. 709.02, is clearly a "person aggrieved" by a denial of the annexation petition by a board of county commissioners. Such a property owner meets the criteria of reviewability of R.C. 2506.01 since the decision constitutes a determination of his legally recognized rights. On the other hand, the township trustees are not "person[s] aggrieved" by the decision of the county commissioners since they possess no legally recognized rights which have been determined or adjudicated.

From these provisions it can be seen that the General Assembly has afforded a considerable right of appeal to those whose rights are directly affected. In contrast, the General Assembly has provided a carefully limited form of relief for other persons to oppose an annexation petition which has been granted. The General Assembly intended these other persons to contest the petition only by meeting the stiffer standards required for an injunction and thus R.C. 709.07 is their sole remedy. There is no protection afforded the township trustees under R.C. Chapter 2506.

Appellants argue that R.C. 709.07 provides the sole and exclusive means of review of a determination of an annexation petition. But that section, as has already been discussed, does not apply to those instances where the annexation petition is denied. Appellants' interpretation would therefore leave no avenue for relief to such aggrieved persons. This could not have been the General Assembly's intention and thus, the argument is without merit.

Appellants further argue that if an R.C. Chapter 2506 appeal is available to appellees, then they, the township trustees, must be allowed to intervene since they were present and argued before the board of county commissioners. This contention is also without merit. Although R.C. 709.032 permits the township trustees to appear at the hearing and contest the granting of an annexation petition, there is nothing which confers upon them the status of necessary parties to an appeal. Rather, that section merely permits persons who have a concern about the proceedings to appear and contest.

No other statutory authority gives township trustees the right to intervene in an R.C. Chapter 2506 appeal. Appellants are not necessary parties under R.C. 2506.01 because they possess no rights which have been ad-

judicated. Lacking authority to intervene, appellants lack standing to participate in the current appeal.

It should be noted that appellants are not left without any remedy. The court of common pleas reversed the determination by the county commissioners. Thus, the county commissioners are apparently going to have to grant the petition for annexation. In that event, appellants would then have the right to initiate proceedings seeking injunctive relief under R.C. 709.07. To some this procedure would seem to be illogical. However, it can be justified by the fact that the General Assembly intended township trustees to meet the stricter standards for obtaining injunctive relief rather than the usual standards of an ordinary party to an appeal. A difference in the rights involved explains the difference in the remedies available.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.