IN RE PETITION FOR ANNEXATION OF APPROXIMATELY 7.5622 ACRES IN RICHFIELD TOWNSHIP.

(No. 12044 — Decided October 30, 1985.)

*Alfred E. Schrader,* for appellants Richfield Township Trustees.

*James E. Davis,* for appellees village of Richfield et al.

CASTLE, J.  Appellants Richfield Township Trustees appeal the trial court's denial of an injunction against the annexation of land in Richfield Township to the village of Richfield. We affirm.

Four persons owning approximately 7.5622 acres of land in Richfield Township petitioned for annexation of the land to the village of Richfield. The Summit County Council held hearings on December 5, 1983 and April 16, 1984. On September 17, 1984, the county council adopted a resolution approving the annexation.

The Richfield Township Board of Trustees ("trustees") brought an action to enjoin the annexation. The trustees alleged that they had standing and that there was error in the proceedings before the county council. The trial court determined that there was error in the proceedings before the county council, but denied the injunction on the ground that the trustees failed to prove that annexation would adversely affect the legal rights or interests of the trustees. This the trustees assign as error.

The alleged error in the proceedings before the county council concerned the amount of time that elapsed between the hearing and the county council's grant of the petition for annexation. The relevant portion of R.C. 709.033 provides:

"The board of county commissioners shall grant or deny the petition for annexation within ninety days after the hearing set pursuant to section 709.031 of the Revised Code."

The hearing was held on December 5, 1983 and April 16, 1984. Although the resolution approving the annexation was not adopted until September 17, 1984, clearly beyond the ninety days indicated in the statute, a resolution to ap-prove the annexation was considered by the county council on July 2, 1984. Thus, the county council began steps to grant the petition within ninety days of the hearing. In view of our recent decision in *Mayer v. Davis* (Aug. 28, 1985), Summit App. No. 12090, unreported, there was no error in the proceedings before the county council in this case. Moreover, the time requirements of the statute are directory, not mandatory, and the failure of the county council to comply may be remedied by an action in mandamus to compel it to make its ruling.

In *Mayer v. Davis,* this court examined the case . law concerning this issue and concluded that the county council committed no error when it granted the petition for annexation more than ninety days after the hearing. The facts of the case *sub judice* even more strongly indicate that the county council committed no error in granting the petition for annexation more than ninety days after the hearing.

It being apparent that the trustees can demonstrate no error in the proceedings before the Summit County Council, the action for an injunction under R.C. 709.07 must fail. In order to bring an action for an injunction, the trustees must comply with R.C. 709.07 which provides:

"(A)  Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. The petition of a person interested shall set forth facts showing:

"(1) How the proposed annexation

adversely affects the legal rights or interests of the petitioner;

"(2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 707.04, 709.032, or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.

"The petition of any other person shall set forth facts applicable to division (a)(2) of this section.

"* * *

"(D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:

"(1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, or that the board's decision was unreasonable or unlawful; or

"(2) There was error in the findings of the board of county commissioners or in the election or certification by the board of elections of the results of the election held pursuant to division (D) of section 707.04 of the Revised Code.

"(E) If the court finds all the matters required in divisions (D)(1) and (2) of this section it shall make an order enjoining the auditor or clerk of the annexing municipal corporation from presenting the annexation application and related papers to the legislative authority. Such order shall not be a bar to subsequent applications to the board of county commissioners for the purpose of annexing the territory involved in the annexation application. The court shall render such judgment as to the payment of the costs incurred in the proceedings of injunction as is just and equitable."

The above section was amended in 1980 (see 138 Ohio Laws, Part I, 409, 410-411) in order to permit "any other person who appeared * * * in the hearing" to bring an action for an injunction after the original version of R.C. 709.07 (allowing only a "person interested" to bring such action) was strictly construed to include only property owners — thereby excluding township trustees. *Weber* v. *Williams* (1972), 32 Ohio App. 2d 65 [61 O.O.2d 57]. Since the amendment to the statute, the remedy available to the township trustees upon the entering of an order allowing an annexation is injunctive relief as provided under R.C. 709.07. *Carlyn* v. *Davis* (1984), 14 Ohio App. 3d 22; *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St. 3d 141.

The statute as amended, however, reveals an inconsistency. Subsection (A) deals with what the petitioner must set forth in the pleadings. Subsection (D) deals with what the petitioner must prove by clear and convincing evidence. Subsection (D) provides that a petitioner shall prove two things: (1) that the annexation would adversely affect the legal rights or interests of the petitioner; and (2) that there was prejudicial error in the proceedings before the board of county commissioners.

While Subsection (D) provides that all petitioners shall prove two elements, Subsection (A) provides that a "person interested" shall plead these two elements while "any other person" (the class of persons included by the 1980 amendment) shall plead only the second element — that there was error in the proceedings before the board of county commissioners.

A literal interpretation of the statute as amended would lead to the anomalous result that while all petitioners must prove error below *and* adverse effects, some petitioners must plead *only* error below, while other petitioners must plead adverse effects *and* error below. The township trustees, as "any other person" in this case, while they need plead only error below, must prove both error below and adverse ef-

fects. The legislature will not be presumed to have intended to enact a law producing unreasonable or absurd consequences; it is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result. *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O.2d 327].

Subsection (D) of R.C. 709.07 clearly requires that all petitioners must prove by clear and convincing evidence that (1) the annexation would adversely affect the legal rights or interests of the petitioner; and (2) there was prejudicial error before the county commissioners. Therefore, both a "person interested" and "any other person" must meet the requirements of Subsection (D) regardless of what is required by Subsection (A).

Since the township trustees have failed to show any error before the board of county commissioners, the action for an injunction pursuant to R.C. 709.07 must fail. Accordingly, the judgment of the trial court is affirmed.

We note that the township trustees also failed to demonstrate that the annexation would adversely affect their legal rights or interests. Nothing appears in the record to demonstrate how the legal rights or interests of the trustees would be adversely affected by the annexation. The only evidence presented to the trial court was the testimony of the chairman of the Richfield Township Board of Trustees, who testified in part as follows:

"Question: Can you indicate what your interest is in bringing that action as a Board of Trustees?

"Answer: We felt and feel we want to preserve, so far as possible, the territorial integrity of the unincoroporated [*sic*] area of Richfield Township. We have a financial interest in this territory in that it does produce some revene [*sic*] for us. We also have an investment in that we hired Mr. Schrader, our attorney, to represent us in these procedures and we like to, in so far as possible, protect that investment."

### Summary

The township trustees failed to demonstrate error in the proceedings before the county commissioners and failed to demonstrate that the annexation would adversely affect their legal rights or interests. The township trustees must prove both of these by clear and convincing evidence in order to prevail on their petition for injunction against annexation. R.C. 709.07. The trial court correctly denied the petition for injunction. The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and TURPIN, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, and TURPIN, J., of the Fifth Appellate District, sitting by assignment in the Ninth Appellate District.