**JORESKI et al., Appellants,**

v.

**TEEPLE et al., Appellees.**

[Cite as *Joreski v. Teeple* (1989), 62 Ohio App.3d 712.]

Court of Appeals of Ohio,
Medina County.

No. 1762.

Decided May 3, 1989.

*C. Nevada Johnson,* for appellants.

*John N. Teeple* and *Timothy T. Reid,* for appellees.

REECE, Judge.

Appellants Arthur E. Joreski, Harold E. Rohlik and Mike Ciciretti, the elected Trustees of Brunswick Hills Township ("trustees"), appeal the trial court's denial of an injunction against the annexation of a specific parcel of land in Brunswick Hills Township to the city of Brunswick. We affirm.

I

Three persons,[1] represented by attorney John N. Teeple (Teeple), and owning approximately 105.8477 acres of land in Brunswick Hills Township, petitioned for annexation to the city of Brunswick. The petition was filed with the Medina County Board of Commissioners ("commissioners") on May 22, 1987. The trustees were duly served with duplicate copies of the petition.

---

1. Petitioners John N. Teeple and Ben J. Mitson jointly own an undivided one-half interest in the parcel in question, and Ed Haddad Enterprises, Inc. owns the remaining undivided one-half interest.

Pursuant to R.C. 709.031, Teeple published a legal notice relating to the proposed annexation for four consecutive weeks in the Medina County Gazette.

The commissioners held a public hearing on July 27, 1987, to consider Teeple's petition, which was attended by Teeple, the trustees, and other interested parties. At the close of the hearing, the commissioners encouraged Teeple and the trustees to submit any additional information for consideration prior to the commissioners' rendering a decision. On September 14, 1987, the commissioners adopted a resolution unanimously approving the proposed annexation.

The trustees filed a complaint to enjoin annexation in the Medina County Court of Common Pleas on November 3, 1987, seeking a temporary restraining order pending resolution of the matter, and an injunction under the complaint preventing annexation. The trial court issued the temporary restraining order and held a bench trial on the matter.

The trustees alleged, among other matters, that the annexation would adversely affect the non-annexed portion of Brunswick Hills Township, that the commissioners acted unreasonably, arbitrarily and contrary to law in approving annexation, and that the legal notice published by Teeple was insufficient and therefore represented an error in proceedings.

By judgment entry dated November 28, 1988, the court denied the injunction, finding that the trustees had not shown by clear and convincing evidence that annexation would adversely affect their legal rights or interests, that there was any error in the proceedings before the commissioners, or that the commissioners' decision was unreasonable or unlawful. By incorporated conclusions of law, the court found that the legal notice published by Teeple " * * * was proper and met the legal requirements of O.R.C. 709.031." This the trustees assign as error.

## II

The trustees alleged in their complaint that annexation would adversely affect the remaining, non-annexed portion of Brunswick Hills Township. The trial court specifically held that the trustees did not demonstrate " * * * by clear and convincing evidence that annexation would adversely affect their legal rights or interests * * *." Proper analysis thereof warrants a brief historical overview.

In *Weber v. Williams* (1972), 32 Ohio App.2d 65, 61 O.O.2d 57, 288 N.E.2d 322, the appellate court affirmed the trial court's dismissal of an injunction petition sought by the trustees of a township affected by an annexation proceeding. The *Weber* court determined that the term "interested persons"

in R.C. 709.07 referred only to owners of the real estate sought to be annexed, and therefore did not grant township trustees standing to seek an injunction. 32 Ohio App.2d at 70, 61 O.O.2d at 59, 288 N.E.2d at 326. Moreover, *Weber* construed the "general good of the area" language of R.C. 709.033(D) (now 709.033[E]) to pertain only to the actual property to be annexed. *Id.* at 69–70, 61 O.O.2d at 59–60, 288 N.E.2d at 325–326. In *Eaton v. Bd. of Summit Cty. Commrs.* (1973), 45 Ohio App.2d 316, 74 O.O.2d 485, 345 N.E.2d 87, this court followed *Weber, supra,* by construing an R.C. 709.07 petition as an appeal, and specifically finding that township trustees could not qualify as "interested persons" under that statute.

The 1980 amendments to R.C. Chapter 709, expanding the class of persons who may be parties in annexation proceedings, were analyzed by our Supreme Court in *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St.3d 141, 5 OBR 273, 449 N.E.2d 771. The court found:

"* * * that one no longer need be a property owner to pursue an R.C. 709.07 injunction. Since township trustees are able to appear and contest at an annexation hearing under R.C. 709.032, they are also allowed to take advantage of R.C. 709.07 and its remedy. To that extent, the 1980 amendments clearly overruled the prior holdings in *Weber v. Williams, supra,* and *Eaton v. Bd. of County Commrs.* (1973), 45 Ohio App.2d 316 [74 O.O.2d 485, 345 N.E.2d 87]." *Id.* at 143, 5 OBR at 275, 449 N.E.2d at 774.

*In re Petition for Annexation of 7.5622 Acres* (1985), 29 Ohio App.3d 130, 29 OBR 146, 504 N.E.2d 465, represents the later, and current, interpretation of the subsequently amended annexation code. Four persons owning land in Richfield Township petitioned the Summit County Council for annexation to the village of Richfield, which was eventually approved. The Richfield Township Board of Trustees subsequently sought to enjoin annexation by injunction proceedings. The trial court found error in the annexation proceedings before the Summit County Council, but denied the injunction based upon the Richfield Township Board of Trustees' failure to prove that annexation would adversely affect the legal rights or interests of the trustees. 29 Ohio App.3d at 131, 29 OBR at 146, 504 N.E.2d at 466.

Reviewing newly amended R.C. 709.07, this court found an inconsistency between subsections (A) and (D). Subsection (A) requires that "a person interested" plead (1) that annexation would adversely affect the legal rights or interests of the petitioner and (2) that there was prejudicial error in the proceedings before the county commissioners, while "any other person" need only plead the second element of prejudicial error in the proceedings. 29 Ohio App.3d at 132, 29 OBR at 147, 504 N.E.2d at 467.

Subsection (D), however, provides that *all* petitioners prove both of the above elements. Construing the language of the statute to avoid an unreasonable result, this court ruled that both a "person interested" and "any other person" must meet the requirements of subsection (D), regardless of the requirements of subsection (A). 29 Ohio App.3d at 133, 29 OBR at 149, 504 N.E.2d at 468. Therefore, township trustees seeking appellate review and injunctive relief pursuant to R.C. 709.07 must prove both elements of R.C. 709.07(D): adversely affected legal rights or interests *and* prejudicial procedural error. *Id.*

In *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 286, 530 N.E.2d 902, 904, at fn. 1, the Ohio Supreme Court expressly adopted the above rationale of this court by determining that a petitioner seeking injunction to annexation must meet the requirements of R.C. 709.07(D) regardless of the pleading requirements of R.C. 709.07(A). *Middletown* therefore mandates application of the dual-requirement test of R.C. 709.07(D) to the matter herein.

Pursuant to the first requirement, the trustees must prove that annexation adversely affects some legal right or interest possessed. The trial court's judgment entry below specifically found that the trustees did not prove by clear and convincing evidence that the proposed annexation would adversely affect their legal rights or interests. Our review of the entire record and the partial transcript reveals no presentation of evidence showing that annexation adversely affects a legal right or interest vested in the trustees. The trustees likewise made no supportive argument in their brief to this court, and therefore fail to satisfy the first requirement of R.C. 709.07(D).

Since the trustees have failed to demonstrate that annexation would adversely affect their legal rights or interests, their action for an injunction pursuant to R.C. 709.07 must also fail. Accordingly, the judgment of the trial court is affirmed.

We note that the trustees, in their brief to this court and in the proceedings below, alleged procedural error before the commissioners based upon insufficient notice by publication. The trial court and the commissioners both expressly determined that the notice advertised by Teeple in the Medina County Gazette satisfied the publication requirements of R.C. 709.031. The trustees have not alleged that the perceived procedural error resulted in any prejudice to the trustees; rather, they urge this court to address the procedural error as a pure proposition of law.

This court is loath to issue advisory opinions which do not serve to materially advance correct disposition of the matter on appeal. Because the trial court specifically found the notice by publication sufficient under R.C.

709.031, and noting that the trustees have not alleged prejudice resulting therefrom, we cannot find that the trial court abused its discretion. We do observe, however, that the form of the notice in question is sparse when compared to the statutory requirements. R.C. 709.031(A).

The trustees' assignment of error is overruled.

## III

The Supreme Court's recent review of R.C. 709.07(D) in *Middletown v. McGee, supra,* mandates the trustees' satisfaction of the dual-requirement test by clear and convincing evidence. Failure to satisfy one aspect necessarily results in a failure of the petition for injunction. Because the trustees have not met the requisite criteria for injunction under R.C. 709.07(D), the trial court correctly denied the petition for injunction.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and BAIRD, J., concur.