OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     In re Petition to Annex 320 Acres to the Village of South
Lebanon: Cincinnati Milacron, Inc., Appellee and
Cross-Appellant, v. Doughman, Clerk, et al., Appellants and
Cross-Appellees.
     In re Petition to Annex 320 Acres to the Village of South
Lebanon: Cincinnati Milacron, Inc., Appellee, v. Board of
Commissioners of Warren County, Ohio, Appellant.
     [Cite as In re Petition to Annex 320 Acres to the  Village
of S. Lebanon (1992),     Ohio St.3d    .]
Municipal corporations -- Annexation -- R.C. 709.07 provides
     exclusive remedy for persons who challenge a board of
     county commissioners' approval of a landowners' annexation
     petition -- R.C. 709.07 does not permit a reviewing court
     to partially enjoin an approved landowners' petition for
     annexation.
1.   R.C. 709.07 provides the exclusive remedy for persons
     whochallenge a board of county commissioners' approval of
     a landowners' annexation petition.
2.   R.C. 709.07 does not permit a reviewing court to sever
     (partially enjoin) an approved landowners' petition for
     annexation.  (Middletown v. McGee [1988], 39 Ohio St.3d
     284, 530 N.E.2d 902, distinguished.)
     (Nos. 91-1028 and 91-1037 -- Submitted May 5, 1992 --
Decided September 2, 1992.)
     Appeals and Cross-Appeal from the Court of Appeals for
Warren County, Nos. CA90-04-024 and CA90-08-054.
     On August 7, 1989, fourteen landowners purporting to be
the majority of landowners of a 320.411 acre tract of land
located in Union and Hamilton Townships, in Warren County,
Ohio, filed an annexation petition attempting to annex their
properties to the village of South Lebanon.  The petitioners
designated appellant and cross-appellee, Carl Oeder, as their
agent for this action.
     Prior to the date set for the hearing before appellant,
Board of County Commissioners of Warren County, Ohio ("board"),
the village of South Lebanon passed a resolution pursuant to
R.C. 709.031, detailing the services that it would provide to
the area to be annexed.  The services included sewer and water,
recreation and parks, police protection, street lighting,

street maintenance, snow and ice removal, storm sewers, waste collection, and unclassified miscellaneous services. On October 17, 1989, the board held its required public hearing on the annexation petition. Based on a motion made by Oeder, the number of acres of land set forth in the annexation petition was amended from 320.411 to 313.589.[1]

Evidence contained in the record before the board indicated that water and sewer service was not readily available in the area to be annexed. Furthermore, those owners who were already receiving water services from the village of South Lebanon would benefit from cheaper rates following annexation of their land to the village. Moreover, there was no direct police protection in the area to be annexed. Instead, the Warren County Sheriff's Office was responsible for police protection in the area. South Lebanon Village Trustee Russ Kilburn stated that South Lebanon could furnish the entire area to be annexed with water service and better police protection than was already provided.

In opposing the annexation to the village of South Lebanon, appellee and cross-appellant, Cincinnati Milacron, Incorporated, which owns property in the area to be annexed, put forth evidence that the village of South Lebanon lacked the manpower and government resources to deal effectively with the problems it currently was experiencing and annexing the territory in question would further add to the village's strain. In fact, the annexation would add fifty percent more acreage to the territory of the village and extend it in a linear fashion about a mile and a half. According to Cincinnati Milacron's witness, Dean E. Sterling, who is a village administrator for Miami Township in Clermont County, the good of the general area to be annexed would not be served by the petition. The quality of government services would decline in the territory and the annexed area would be worse off following the annexation. Sterling concluded that the city of Lebanon would be the appropriate jurisdiction to annex the subject land given the city's higher level of governmental services. Cincinnati Milacron pointed out it had its own in-house sewage treatment plant and, therefore, would not benefit by connecting its land to the village of South Lebanon facilities.

On October 24, 1989, the board passed a resolution approving the amended annexation petition. The resolution stated that the petition contained all matters required by law (i.e., R.C. 709.033), including:

" --- that the statements in said petition are true;

" --- that the territory sought to be annexed is adjacent to the village of South Lebanon, Ohio;

" --- that the petition contains a full and accurate revised legal description;

" --- that the revised map of said territory attached to the petition is accurate;

" --- that the petition is signed by a majority of the owners of real estate in the territory sought to be annexed;

" --- that the required legal notices of the filing of the petition and the hearing thereon have been given;

" --- that the territory is not unreasonably large;

" --- that the general good of the territory sought to be

annexed will be served if the annexation is granted * * *."

Cincinnati Milacron sought two different forms of relief in the Warren County Court of Common Pleas from the annexation of its property to the village of South Lebanon. The first remedy sought by Cincinnati Milacron was an R.C. 2506.01 direct appeal (hereinafter referred to as the "Section 2506 appeal") from the board's decision filed on November 17, 1989. Cincinnati Milacron also filed a statutory injunction action pursuant to R.C. 709.07 (hereinafter referred to as the "Section 709 action") on December 27, 1989, which was styled "Petition for Injunction Against Annexation."

In the Section 2506 appeal Cincinnati Milacron named the board as the sole appellee. On February 7, 1990, the board filed a motion to dismiss the Section 2506 appeal, claiming that an R.C. 709.07 injunction action was Cincinnati Milacron's sole remedy. On March 7, 1990, the trial court granted the board's motion to dismiss, which was formalized in an entry on March 19, 1990. In dismissing Cincinnati Milacron's Section 2506 appeal, the trial court held that Cincinnati Milacron's sole and exclusive remedy was to seek an injunction pursuant to R.C. 709.07

Cincinnati Milacron appealed to the Warren County Court of Appeals, which reversed the trial court's decision after it sua sponte dissolved the consolidation of both the Section 2506 appeal and the Section 709 action. Essentially, the appellate court held that an R.C. 709.07 injunction was not the exclusive remedy to challenge the board's approval of an annexation petition.

The second statutory remedy pursued by Cincinnati Milacron was an original action pursuant to R.C. 709.07. Cincinnati Milacron sought two alternative remedies by its Section 709 action. First, it sought to enjoin the village of South Lebanon from any further action to complete the annexation. Alternatively, Cincinnati Milacron attempted to enjoin the annexation only insofar as it related to its property. The trial court would only allow certain evidence to be submitted by the parties,2 and refused to consider evidence directed to various discretionary findings of the board. On August 7, 1990, the trial court denied both the complete and partial injunctions sought by Cincinnati Milacron in the Section 709 action. The court held, inter alia, that Cincinnati Milacron failed to show by clear and convincing evidence any of the alleged errors claimed in its petition for injunction and that the administrative record before the board supported the commissioners' approval of the annexation.

With respect to the Section 709 action the Court of Appeals for Warren County reversed the trial court in part and remanded the action to that court with a mandate to approve the annexation only after Cincinnati Milacron's property had been "severed" from the territory sought to be annexed. The court of appeals relied upon Middletown v. McGee (1988), 39 Ohio St.3d 284, 530 N.E.2d 902, to authorize a severance of property under circumstances where that portion of the property sought to be annexed is not benefited.

The Section 2506 appeal has been appealed by the board (case No. 91-1037), while the Section 709 action has been appealed to this court by Oeder, agent for petitioners, and

Richard Doughman, Clerk of the village of South Lebanon (case No. 91-1028). Cincinnati Milacron has filed a cross-appeal in case No. 91-1028 in order to preserve its request to have the annexation completely enjoined in the event this court finds the partial injunction to be invalid.

This cause is now before this court pursuant to consolidation of the cases and the allowance of motions and a cross-motion to certify the record.

Frost & Jacobs, David C.Horn and Vincent E. Mauer, for Cincinnati Milacron, Inc. in case Nos. 91-1028 and 91-1037.

John C. Quinn, for appellant and cross-appellee Richard Doughman, Clerk, in case No. 91-1028.

Lucas, Prendergast, Albright, Gibson & Newman and Richard C. Brahm; Rendigs, Fry, Kiely & Dennis and William P. Schroeder, for appellant and cross-appellee Carl E. Oeder, Agent, in case No. 91-1028.

Timothy A. Oliver, Prosecuting Attorney, Michael E. Powell and Carolyn A. Duvelius, for appellant Warren County Board of Commissioners in case No. 91-1037.

John C. Quinn, urging reversal for amicus curiae, village of South Lebanon, Ohio, in case No. 91-1037.

Calfee, Halter & Griswold, John E. Gotherman and Marilyn G. Zack, urging reversal for amicus curiae, Ohio Municipal League in case Nos. 91-1028 and 91-1037.

Holmes, J.    The first issue before the court is whether R.C. Chapter 2506 is a potential remedy for persons who challenge the annexation of property to another jurisdiction by a board of county commissioners which has acted upon a landowners' petition. Another issue before the court is whether a reviewing court pursuant to R.C. 709.07 may "sever" or "excise" territory from an approved annexation petition. For the reasons that follow, we answer both queries in the negative.

I
Statutory Scheme for Annexation on
Application of Landowners

In the present case a group of landowners sought to have their territory annexed to the village of South Lebanon. To better understand the remedy or remedies available to landowners challenging a decision approving an annexation petition, a brief outline of Ohio's annexation law is indicated.

Generally, a petition signed by a majority of the owners of territory adjacent to a municipal corporation is filed with the board of county commissioners. R.C. 709.02. The petition must contain a full description and accurate map or plat of the territory sought to be annexed. R.C. 709.02(A). Also, it must contain a statement of the number of owners of real estate in the territory sought to be annexed, along with the name of a person or persons who are to act as the agent for the petitioners. R.C. 709.02(B) and (C). A public hearing is then held by the board of county commissioners, where testimony and evidence is offered by both proponents and opponents of the annexation. R.C. 709.031 and 709.032. After the hearing, the board decides whether to grant or deny the petition pursuant to R.C. 709.033 based upon the following factors:

"(A) The petition contains all matter required in section 709.02 of the Revised Code.

"(B) Notice has been published as required by section 709.031 of the Revised Code.

"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.

"(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.

"(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted."

If the petition is approved, the transcript of the proceedings is placed before the legislative authority of the annexing municipal corporation for acceptance.  R.C. 709.04.  At this point any interested person or person who appeared at the public hearing3 may file with the court of common pleas a petition seeking an injunction against the annexation.  The individual bringing the injunction action must allege and prove by clear and convincing evidence that the board's decision is unreasonable or unlawful or that there was some error in the proceedings.  R.C. 709.07(D).

In the present case Cincinnati Milacron pursued its remedy from the adverse board decision through both an R.C. Chapter 2506 appeal and an R.C. 709.07 injunction action.  Thus, we are asked to determine whether one or both of these remedies, R.C. 709.07 and 2506.01 et seq., can be utilized by persons challenging adverse annexation decisions by boards of county commissioners.

## II
## Statutory Remedies
### Section 2506 Appeal vs. Section 709 Injunction

As the above commentary regarding annexation plainly shows, annexation is strictly a statutory process.  Therefore, the key issue we must decide is whether the General Assembly provided for two distinct remedies for disappointed parties in landowner-petitioned annexation proceedings.

In 1957, the General Assembly enacted R.C. Chapter 2506, which gave courts of common pleas jurisdiction to hear and decide appeals from administrative agencies.  See 127 Ohio Laws 963.  Subsequently, on March 17, 1987, amendments were made to R.C. Chapter 2506.4  The amendments to R.C. 2506.01 et seq. were technical in nature.  The actual provision allowing for appeals to common pleas courts contained in R.C. 2506.01 provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

R.C. 2506.02 through 2506.04 provide the procedures to be followed on appeal.  R.C. 2506.04 sets forth the mode of inquiry and the standard of review the common pleas court must adhere to.  Specifically, R.C. 2506.04 provides:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.  Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication or decision consistent with the findings or opinion of the court.  The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

The provisions of R.C. 2506.01 et seq. were made applicable to decisions of boards of county commissioners in 1963, when the General Assembly amended R.C. 307.56 to provide:

"A person aggrieved by the decision of the board of county commissioners may appeal to the court of common pleas, as provided by and under authority of Chapter 2506. of the Revised Code.  The court shall advance such appeal when perfected for immediate trial." (130 Ohio Laws 196.)

In contrast to R.C. 2506.01, R.C. 709.07 was originally enacted in substantially its present form in 1967 (see 132 Ohio Laws, Part I, 366-377) and was subsequently amended in 1978, 1980 (and 1992).  R.C. 709.07, as amended in 1980, provided, with respect to the procedure to be followed in bringing a petition for an injunction, that:

"(A) Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by division (D) of section 707.04 or by section 709.033 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority.  The petition of a person interested shall set forth facts showing:

"(1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;

"(2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 707.04,

709.032, or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.

"The petition of any other person shall set forth facts applicable to division (A)(2) of this section." (138 Ohio Laws, Part I, 410.)

In determining which statutes, either R.C. 2506.01 et seq. or 709.07, apply when boards of county commissioners approve of an annexation petition over the objections of complaining parties, we must look to the dictates of R.C. 1.51, which states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

Furthermore, R.C. 1.52(A) provides that "[i]f statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails."

As noted above, R.C. 1.51 requires that initally an attempt be made to reconcile R.C. 709.07 and 2506.01 et seq., if possible. This requirement reflects the common-law presumption that statutes are not repealed by mere implication. See Cincinnati v. Thomas Soft Ice Cream, Inc. (1977), 52 Ohio St.2d 76, 79, 6 O.O.3d 277, 279, 369 N.E.2d 778, 780; and 85 Ohio Jurisprudence 3d (1988) 121, Statutes, Section 128.

In the present case this court is confronted with two statutes which appear on their face to apply two different remedies in challenging decisions made by boards of county commissioners approving annexations of territory. On the one hand, R.C. 2506.01 et seq. provides generally for appeals from administrative determinations in conjunction with R.C. 307.56, which allows for appeals from boards of county commissioners. Conversely, R.C. 709.07 specifically addresses challenges made to the approval of landowners' annexation petitions by boards of county commissioners. More particularly, R.C. 709.07 places an increased burden upon the party bringing the action to prove that the board of county commissioners erred in its determination. In essence, the complaining party seeking to enjoin an approved annexation must establish by clear and convincing evidence that the annexation would adversely affect the petitioner's legal rights or interests, and there was error in the board proceedings, or the result reached by the board was unreasonable or unlawful. This standard of review is highly deferential to the board of county commissioners. However, when a party brings a Section 2506 appeal a virtual de novo examination of the record is conducted by the court pursuant to R.C. 2506.04. Therefore, due to the differing standards of review, we believe that R.C. 2506.01 appeals cannot be reconciled with R.C. 709.07 injunction actions as applied to decisions made by boards of county commissioners approving landowners' annexation petitions.

In applying the rules of statutory construction set forth in R.C. 1.51, we observe that R.C. 709.07, the specific

statute, will prevail as an exception to R.C. Chapter 2506, the general statutory provisions, unless R.C. Chapter 2506 can be shown to be the later adoption of the two and the manifest intent of the General Assembly was to have the general provisions control.

As discussed earlier, R.C. Chapter 2506 was originally enacted in 1957, while R.C. 709.07 (in its form as applicable here) was enacted in 1967 and amended in 1978 and 1980. However, effective March 17, 1987, various technical amendments were made to R.C. Chapter 2506. See Am. Sub. H.B. No. 412, 141 Ohio Laws, Part II, 3605-3607. Thus, the query before us is to determine whether the 1987 amendments to R.C. Chapter 2506 made it a later enactment than R.C. 709.07. (The 1992 amendment to R.C. 709.07 is not applicable to this case, and is technical in nature.)

In our determination of whether an amended statute should be considered a continuation of a prior statute, R.C. 1.54 is germane and provides: "A statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute." (Emphasis added.) See, also, In re Allen (1915), 91 Ohio St. 315, 320-321, 110 N.E. 535, 537 (when a statute is amended the part that remains unchanged is to be considered as having continued as the law from the time of its original enactment).

In the present case, a review of the changes made to R.C. 2506.01, 2506.02, 2506.03, and 2506.04 indicates only minor procedural and technical modifications. The key language in R.C. 2506.01, providing for appeals from administrative determinations, remains unchanged following the 1987 amendments. Therefore, the pertinent portions of R.C. Chapter 2506 to the case at hand should be considered as having continued as the law from the time of their original enactment.

However, even assuming arguendo that the 1987 amendments to R.C. Chapter 2506 were substantive, R.C. 1.51 still requires that the manifest intent is that the general provision (R.C. 2506.01 et seq.) prevail. See Thomas Soft Ice Cream, supra, paragraph one of the syllabus.

In reviewing R.C. Chapter 2506, we do not find any expression of legislative intent that these provisions should control over R.C. 709.07. In fact, our review evinces that the enactment of R.C. 709.07 (the specific statute) was part of a comprehensive legislative scheme to promote and encourage annexation. In reviewing the history of the annexation statutes, we find that several key changes to these laws have confirmed the General Assembly's desire to avoid fragmented local governments and to encourage orderly urban growth. The first change in this area came about in 1967. Prior to the 1967 amendments, only "adult freeholders residing in such territory" could seek annexation. See R.C. 709.02 (Bur. of Code Rev. 1953). Thus, corporations and absentee owners were excluded.[5] However, under the present statutes any owner, including corporations and trustees, may file annexation petitions. The second legislative change involved the discretion of the board of county commissioners in annexation proceedings. Prior to the enactment of R.C. 709.033 in 1967, the board of county commissioners, after a public hearing, could grant an annexation petition if it found, inter alia, it

to be "right that the prayer of the petition be granted."  See R.C. 707.07(I) (Bur. of Code Rev. 1953).  This gave the board almost unlimited discretion in approving or denying the petition.  See Lariccia v. Mahoning Cty. Bd. of Commrs. (1974), 38 Ohio St.2d 99, 101, 67 O.O.2d 97, 98-99, 310 N.E.2d 257, 258 (prior to 1967, boards of county commissioners were possessed with wide discretionary power and authority in annexation proceedings); and Dabkowski v. Baumann (1963), 175 Ohio St. 89, 23 O.O.2d 386, 191 N.E.2d 809.  The enactment of R.C. 709.033 significantly diminished the board's discretion in annexation proceedings.  As this court observed in Lariccia, supra, at 101-102, 67 O.O.2d at 99, 310 N.E.2d at 258-259:

"* * * [T]he enactment in 1967 of R.C. 709.033 substantially curtailed the discretion to be exercised by boards of county commissioners in such proceedings.  That statute establishes specific standards to be applied by the board to the evidence before it in annexation proceedings, and grants to the board the discretion to make only those factual determinations specifically called for in the statute.

"* * *

"Although the implications for the community to which the property in question would be annexed may well be of some consequence, the clear statement of the General Assembly in R.C. 709.033 cannot be ignored.  That statute directs that the ultimate focus of annexation proceedings be on 'the general good of the territory sought to be annexed,' and requires granting of the petition when it is shown that such benefit will result."

In Middletown v. McGee (1988), 39 Ohio St.3d 284, 285-286, 530 N.E.2d 902, 903-904, we discussed Ohio's municipal annexation policy and observed:

"As revealed by the statutes enacted by the General Assembly that are currently in force, it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory.  Indeed, after an election approving annexation, the laws of this state offer little protection to those who would oppose such annexations.  * * * A petitioner seeking to enjoin a proposed annexation bears the heavy burden of satisfying the requirements of R.C. 709.07(D) * * *.

"Thus, in order to avoid dismissal of their petition for an injunction, appellants must clearly and convincingly prove that the annexation would adversely affect their legal rights or interests, and that either there was prejudicial error in the proceedings or findings of the board, the board's decision was unreasonable or unlawful, or the result of the election was tainted by prejudicial error."  (Emphasis sic.)

Accordingly, in applying the rules of statutory construction, we hold that R.C. 709.07 takes precedence over R.C. Chapter 2506 where disappointed persons challenge decisions by boards of county commissioners approving landowners' annexation petitions.  Thus, R.C. 709.07 is the exclusive remedy for persons who challenge a board of county commissioners' approval of a landowners' annexation petition.[6]

### III

### Severability of Territory under R.C. 709.07

Appellant Oeder asserts that R.C. 709.02 through 709.11, which outline the procedures and review process for petitions

requesting annexation, do not contemplate the severance of any part of a territory which has been approved for annexation after a hearing by the board of county commissioners. Essentially, appellants collectively claim that the boards of county commissioners as well as the reviewing courts must either allow or disallow the annexation in toto. Thus, there is no statutory scheme which permits the partial allowance or disallowance of a proposed annexation. We agree. However, as discussed infra, R.C. 709.032 does provide for an amendment to the petition if leave is granted by the board of county commissioners and consent is given by the agent for the petitioners.

As is clear throughout this opinion, annexation in Ohio is accomplished through a highly comprehensive statutory process. The statutory scheme indicates that the primary focus in evaluating the merits of a proposed petition for annexation is on the entire area to be annexed rather than an individual tract of land. Thus, as indicated in R.C. 709.02, it takes only a majority of owners in a territory to petition for annexation. See, also, R.C. 709.033(C). R.C. 709.033(E) specifically provides that following a hearing on a petition to annex territory, the board of county commissioners shall approve the petition if:

"The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." (Emphasis added.)

Furthermore, R.C. 709.033 allows for a board only to "grant or deny the petition for annexation within ninety days after the hearing set pursuant to section 709.031 * * * of the Revised Code." (Emphasis added.)

Cincinnati Milacron suggests that our opinion in Middletown v. McGee, supra, authorizes the severance (or a partial injunction to be issued) of a single tract of land from a petition for annexation. In McGee the city of Franklin sought to annex two sections of Cincinnati-Dayton Road in Warren County. The first section of roadway was referred to as the northern territory, which connected two areas of the city of Franklin. The second section, the southern territory, ran parallel to the boundary of Franklin for about eighteen hundred feet and then continued outward into Franklin Township. The two sections of the county's highway right-of-way totalled 3.8 miles in length and were eighty feet wide at all points. The primary motivation for the annexation was to prevent a suspected future attempt by the city of Middletown to expand into Warren County. McGee, supra, at 289, 530 N.E.2d at 906. The McGee court held that the annexation of the section of the southern territory which extended outward from the city for several miles was unlawful because "it violate[d] the basic concept of municipal unity." Id. at 288, 530 N.E.2d at 905.

The case at bar and McGee are distinguishable in many facets. In McGee we were confronted with essentially two territories, whereas in the present case only one territory is involved. Specifically, in McGee, supra, 39 Ohio St.3d at 288, 530 N.E.2d at 906, fn. 4, we noted that the petition proposed by the city of Franklin described two separate territories, but

did not comment on its legality since the issue was not raised at the trial level.  We determined in McGee that the northern territory was legally contiguous to the city of Middletown, but part of the southern territory was not.  Id. at 288, 530 N.E.2d at 905-906.  Moreover, the petition for annexation in McGee was the result of a resolution passed by the Franklin City Council, submitted to the voters of the unincorporated areas of Franklin Township and subsequently approved by resolution of the Board of Commissioners of Warren County.  Since the city was the interested party as described in R.C. 709.07, we did not review what would have happened if a single property owner had objected to a landowners' petition for annexation.  Furthermore, the petition in McGee was clearly no more than an attempt by the city of Franklin to discourage the eastward expansion of the city of Middletown by annexing a strip of land the width of a roadway and extending several miles to the Butler-Warren County line.  Thus, the petition in McGee failed to comply with the concept of municipal unity.

When a petition for annexation is before the board of county commissioners, the board contemplates the inclusion of an entire territory, not some individual segment.  A reviewing court cannot make its own findings of fact as to the propriety of a petition for annexation by deleting territory previously approved by a board of county commissioners.  Such an approach, if permitted, would allow individual landowners to successfully veto a proposed annexation even though it would benefit the entire territory to be annexed.  A single owner's preference cannot, in accord with the intent of the annexation statutes, take precedence over the good of the territory as a whole and the desires of a majority of the owners within the area to be annexed.

If a landowner is dissatisfied with a proposed petition for annexation, he or she may seek an amendment of the petition and removal of their property therefrom pursuant to R.C. 709.032, which provides in pertinent part:

"The petition may be amended without further notice by leave of the county commissioners with the consent of the agent for the petitioners where such amendment does not add to the territory embraced in the original petition.  If any amendment is permitted, whereby territory not before embraced is added, the board shall appoint another time for the hearing, of which notice shall be given as specified in section 709.031 of the Revised Code."

Clearly, there is no statutory provision for the deletion of parcels of territory from a petition following a hearing and determination by the board of county commissioners.  Thus, landowners' annexation petitions may be amended only while the petition is before the board of county commissioners.  If this process by which amendments may be made to a petition appears to be too stringent for an objecting landowner, the appropriate method of change to this process would be by way of legislative amendment.  Construing former R.C. 709.033(D) (now R.C. 709.033[E]), the Fairfield County Court of Appeals in Johnson v. Boggs (1976), 49 Ohio App.2d 315, 319-320, 3 O.O.3d 384, 386-387, 361 N.E.2d 474, 477, properly observed:

"But in any event, we find that defendants' contention that the 'territory to be annexed' phrase in R.C. 709.033

refers to the time when the original petition is filed not to be well taken.  Rather, we find that the 'territory to be annexed' phrase refers to 'after the hearing on the petition to annex' has been completed and the 'territory proposed to be annexed' is finally determined.  In short, if a deleting amendment is to be granted, it must be accomplished before the commissioners' 'finding' process mandated by R.C. 709.033 begins.  Obviously, the finding required by R.C. 709.033(D) could not be undertaken by the county commissioners until they know the exact boundaries of the territory which is to be considered for annexation in the context of 'the general good of the territory.' * * *"  (Emphasis added.)

The statutory mandates of R.C. 709.033 would require the board of county commissioners, in its determination of whether to allow the annexation of the territory as petitioned, to consider the benefits and/or the detriments to the totality of the property included within the petition.  Accordingly, any determination made by the board would have to be in reference to all the property.  Based upon these considerations, we conclude that R.C. 709.07 does not permit a reviewing court to sever (issue a partial injunction enjoining) an approved landowners' petition for annexation.

In the case sub judice, the court of appeals approved the annexation in part, while severing or excising Cincinnati Milacron's property from the annexed territory.  In essence, the court of appeals reversed the trial court's decision upholding the board's decision to approve the amended petition for annexation in its entirety.  The new territory which remained following the court of appeals' decision was never examined in its modified form by the board.  Although this annexation might not benefit Cincinnati Milacron, the interests of the entire territory covered in the petition must be examined.  Thus, we reverse that portion of the court of appeals' decision which severs Cincinnati Milacron's property from the approved landowners' petition for annexation.

In reviewing the record concerning the entire territory approved for annexation by the board and upheld by the trial court,[7] we find that there was sufficient evidence presented by affidavit and testimony to the board which supported its findings of adjacency between the territory sought to be annexed and the village of South Lebanon.  Moreover, we find that Cincinnati Milacron failed to demonstrate by clear and convincing evidence that the entire territory to be annexed would be unreasonably large or the general good of the entire territory to be annexed would not be served by the annexation.  Furthermore, although the board adopted certain guidelines that may not have been adhered to, the Revised Code does not mandate any procedure outside what was afforded this petition.

IV
Conclusion

Accordingly, for the foregoing reasons, the judgments of the court of appeals are reversed and the trial court's decisions are reinstated both as to the applicability of R.C. Chapter 25068 and as to the propriety of issuing a partial injunction pursuant to R.C. 709.07.

Judgments reversed.

Moyer, C.J., Sweeney, Douglas, Wright, H. Brown and

Resnick, JJ., concur.

FOOTNOTES:

1  The amendment to the petition for annexation involved the deletion of 6.82225 acres of the former Penn Central Railroad right-of-way, which was owned by the board.

2  Based upon motions to define the scope of the evidentiary hearings, the trial court issued the following order:

"1.  The Court will receive and consider the entire record of the proceedings below, including a transcript of testimony;

"2.  The Court will receive evidence at this trial offered to establish the adverse effect of the annexation on the petitioner and the nature of any error in the proceedings before the Board of County Commissioners;

"3.  The Court will not receive new evidence (beyond the record below) as to the discretionary issues which were considered and decided by the County Commissioners, i.e., whether the general good of the territory sought to be annexed will be served if the annexation petition is granted and whether the territory is unreasonably large.

"The latter issue will be reviewed and considered by this Court on the basis of the record and hearing which was held before the County Commissioners on October 17, 1989."

3  Prior to January 1980, only "person(s) interested" could file for an injunction against an annexation.  (137 Ohio Laws, Part II, 2088-2089.)  The phrase "any person interested" was defined as limited to residents of the area to be annexed. See Weber v. Williams (1972), 32 Ohio App.2d 65, 61 O.O.2d 57, 288 N.E.2d 322; and Eaton v. Summit Cty. Bd. of Commrs. (1973), 45 Ohio App.2d 316, 74 O.O.2d 485, 345 N.E.2d 87.  Thus, if territory had one owner and he or she petitioned for annexation, no one would have standing to test the board's decision to grant the annexation.  The latter amendments have expanded the potential class of persons who are eligible to file the action to include any person who appeared at the public hearing.

4  R.C. 2506.01, as amended by Am.Sub.H.B. No. 412, 141 Ohio Laws, Part II, 3605-3606, reads as follows:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the COURT of common pleas  court of the county in which the principal office of the political subdivision is located as provided in  sections 2505.01 to 2505.45, inclusive,  CHAPTER 2505. of the Revised Code,  and EXCEPT as  such procedure is  modified by  sections 2506.01 to 2506.04, inclusive, of the Revised Code  THIS CHAPTER.

"The appeal provided in  sections 2506.01 to 2506.04, inclusive, of the Revised Code  THIS CHAPTER is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' MEANS AN ORDER, ADJUDICATION, OR DECISION THAT DETERMINES RIGHTS, DUTIES, PRIVILEGES, BENEFITS, OR LEGAL RELATIONSHIPS OF A PERSON, BUT does not include any order, ADJUDICATION, OR DECISION from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority  and  IF a right to a hearing on such appeal is provided  any order which does

not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor, OR any order, ADJUDICATION, OR DECISION THAT IS issued preliminary to or as a result of a criminal proceeding."

5  R.C. 709.02 presently defines "owner" or "owners" as:

"* * * [A]ny adult individual seized of a freehold estate in land who is legally competent and any firm, trustee, or private corporation that is seized of a freehold estate in land; except that individuals, firms, and corporations holding easements are not included within such meanings; and no person, firm, trustee, or private corporation that has become an owner of real estate by a conveyance the primary purpose of which is to affect the number of owners required to sign an annexation petition is included within such meanings.

6  R.C. Chapter 2506 is still a viable method to challenge the denial of a landowners' annexation petition.

7  Although the court of appeals did not explicitly state that it reviewed the addition of Cincinnati Milacron's property within the territory included in the approved landowners' annexation petition, it did state that "the Cincinnati Milacron area of the total annexation is a spur that can be removed without significant change or damage to the balance of property sought to be annexed to the village."  Therefore, the court of appeals seemed to indicate that it had reviewed the propriety of the petition and found that Cincinnati Milacron's property not to be benefited by the annexation.  Since the annexation issue has been brought before the court on the merits, we will nevertheless review the board's decision to approve the entire petition.

8  Due to the fact that we have decided that an R.C. Chapter 2506 appeal is not available to a disappointed party when a landowners' petition for annexation is approved by a board of county commissioners, we need not treat amicus curiae village of South Lebanon's arguments that this court was without jurisdiction to review the appeal and that a supersedeas bond was required in order to effectuate the appeal.