DECISION AND JUDGMENT ENTRY
This annexation case is before us on appeal from the Fulton County Court of Common Pleas, which denied the petition for injunction filed by the Amboy Township Board of Trustees. For the reasons that follow, we affirm the decision of the trial court.
Appellants are the Board of Trustees of Amboy Township which is located in the northeast portion of Fulton County, Ohio. Appellee, the village of Metamora ("village"), is adjacent to Amboy Township and consists of approximately two hundred fifty acres of land. Appellee Charles N. Hunt, agent for the petitioners/appellees, owners of property in Amboy Township, filed petitions for annexation of two parcels of land to the village. The first parcel consists of approximately 83.70 acres of land, the second parcel 151.163 acres. On July 1, 1999, a public hearing was held on the annexation petitions before the Fulton County Board of Commissioners. The hearing was audio taped; however, the recording could not be reproduced or transcribed because it was inaudible. Following the hearing, the Fulton County Commissioners voted to approve both petitions.
On October 4, 1999, appellants filed two petitions for a temporary and permanent injunction pursuant to R.C. 709.07. Appellants requested that the Fulton County Court of Common Pleas enjoin the village from acting on the annexation applications; find that there was error in the proceedings granting annexation; find that the annexation would adversely affect the legal rights of appellants; and find that the annexation is unreasonably large. A temporary injunction was granted. The two petitions were consolidated on December 28, 1999.
A hearing was held on the petition for injunction on January 10, 2000. Prior to the hearing it was stipulated that, under R.C. 709.07(D), the annexation adversely affects the legal rights or interests of appellants. It was agreed that the testimony would be limited to the issue of whether the annexed land is unreasonably large. Appellants' counsel further noted on the record the fact that the trial court denied the motion to remand or continue the matter so a record or transcript of the hearing before the Fulton County Commissioners could be recreated.
On March 14, 2000, the trial court found that appellants failed to show by clear and convincing evidence that the proceedings before the Fulton County Commissioners were unreasonable or unlawful or that there was error. The trial court further found that based upon the totality of the circumstances, the areas sought to be annexed were not unreasonably large. The trial court then dismissed the petition for injunction. Notice of appeal was timely filed with this court on March 27, 2000.
In the instant appeal, appellants raise the following assignments of error:
 "Assignment of Error No. 1: The Trial Court erred in finding that the annexation was not unreasonably large.
 "Assignment of Error No. 2: The Trial Court erred in failing to remand the matter to the Fulton County Commissioners to make an accurate record of the commissioners' hearing."
Complaints for injunctions in annexation cases are governed by R.C.709.07. R.C. 709.07(C) and (D) govern the trial court's hearing on the petition. Those sections provide:
 "(C) The court of common pleas shall hear the petition not less than twenty days from the filing thereof, and at the hearing the court may hear evidence upon the matters averred in the petition.
 "(D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:
 "(1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032
[709.03.2] or 709.033 [709.03.3] of the Revised Code, or that the board's decision was unreasonable or unlawful; or
 "(2) There was error in the findings of the board of county commissioners."
The above standard of review is highly deferential to the board of county commissioners. See In re Petition to Annex 320 Acres to theVillage of S. Lebanon (1992), 64 Ohio St.3d 585, 594. Mindful of the appropriate standard, we now address the merits of appellants' assignments of error.
In their first assignment of error, appellants contend that the trial court erred in affirming the board's decision to approve the annexation of a total of 234.863 acres to the village, because the area is unreasonably large. See R.C. 709.033(E) (the commissioners should allow annexation if it finds, inter alia, that the territory is not unreasonably large).
In determining whether an area to be annexed is unreasonably large, the commissioners should consider:
 "'(1) the geographic character, shape and size (acreage) of the territory to be annexed in relation to the territory to which it will be annexed (the city), and in relation to the territory remaining after the annexation is completed (the remaining Township area); * * *
 "'(2) the ability of the annexing city to provide the necessary municipal services to the added territory. (Geographic as well as financial `largeness' may be considered. * * *)
 "'(3) the effect on remaining township territory if annexation is permitted. If the territory sought to be annexed is so great a portion of the township's tax base that the annexation would render the remaining township incapable of supporting itself, then the Board might reasonably conclude the proposed annexation is unreasonably large, although such annexation would benefit the territory sought to be annexed.'" In re Annexation of 1,544.61 Acres in Northampton Twp. (1984), 14 Ohio App.3d 231, 233, quoting Herrick v. Bd. of County Commrs. (Jan. 23, 1980), Summit App. No. 9425, unreported.
In their merit brief, appellants argue that a more than ninety percent increase in the existing acreage of the village makes the area unreasonably large. Appellants also argue that the village does not have the ability to provide necessary services such as water and sewer.
At the January 10, 2000 injunction hearing, the following relevant testimony was presented. Tom Sullivan, Amboy Township Trustee, testified that the village hires private companies to do most of their road maintenance and snow removal. He stated that if the annexation goes forward, the village will have to maintain what is presently a township road. Sullivan stated that the township provides fire service for the entire township, which includes the village. Police service is provided to both the township and village by Fulton County.
As to water services, Sullivan testified that the village water treatment plant is very small and, while some improvements have been made, it is questionable whether it could keep up with increased demands. He also explained that the village sewer system is a lagoon system with no real water treatment plant.
Shawn Ferguson, who presented information to the Fulton County Commissioners regarding the proposed annexations, next testified. Ferguson had worked with the village to formulate a conceptual development plan regarding the future water and sewer needs. He testified that the water treatment plant has a 288,000 gallons per day capacity and that the average present use is one hundred two thousand.
Ferguson testified that his future growth plan was based upon the two proposed annexations and not any future growth within the village. He testified that the undeveloped land in the village was not prime for development because the necessary infrastructure does not exist.
As to the sewer system, Ferguson stated that the capacity is currently sixty-five thousand gallons per day. He discussed a proposed expansion which would cost approximately $200,000 and increase capacity to eighty-five thousand gallons per day. Ferguson indicated that average use between 1995 and 1998 was 31,573 gallons per day. Ferguson testified that the EPA is requiring the village to implement a sewer separation project which would separate sanitary sewer discharge from storm and run-off.
Gary Loar, Mayor of Metamora, testified that almost all of the one thousand three hundred feet of water line in need of repair had been replaced. He further stated that the EPA sewer repair project is in place and will be completed in five-year increments.
Arguing that the area to be annexed is unreasonably large, appellants cite this court's case captioned In re: Appeal of Annexation of 65.48Acres in Springfield Township (June 20, 1997), Lucas App. No. L-96-301, unreported, which affirmed the trial court's decision that the proposed annexation of 65.48 acres, an increase in the village of 12.5 to 14 percent, was unreasonably large. In our decision, we noted that size alone is not dispositive of the issue and that the In re: Annexation of1544.61 Acres in Northampton Twp., supra, factors must also be considered. Addressing these factors, the trial court observed that the territory was separated from the village by a heavily trafficked road and railroad tracks, thereby impeding the village's ability to provide necessary services.
In the instant case, the hearing testimony reveals that post-annexation, fire and police services will remain unchanged as will, in large part, road maintenance and snow removal. As to water and sewer services, evidence was presented that the village could support the annexed areas and have implemented plans which will accommodate future growth.
After careful review of the record, this court finds that appellants have failed to establish, by clear and convincing evidence, that the areas to be annexed are unreasonably large. Accordingly, appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants argue that the trial court erred when it failed to remand the matter to the Fulton County Board of Commissioners to make an accurate record of the hearing.
Upon review of the relevant statutory provisions and case law, we find that appellants' argument lacks merit. There is no statutory provision in R.C. Chapter 709 which requires that the hearing be recorded verbatim. We further find that the case cited by appellants, Miller v.Brahm (Feb. 21, 1995), Franklin App. No. 94APE07-1069, unreported, is inapposite. The case simply asserts the requirement that a trial court not conduct a _de novo review of the commissioners' decision; rather, it must review the entire record of the proceedings before the commissioners, whether or not that record contains a transcript.
While it is unfortunate that in the instant case the recording device failed, the trial court had ample evidence, including detailed minutes from the hearing, before it to conduct a proper and thorough review. Even more importantly, the trial court conducted a hearing on the matter to allow the parties to present testimony similar to the testimony presented at the commissioners' hearing. Many of the same witnesses testified and relayed that their testimony remained unchanged. Based upon all of these facts, we find that appellants have failed to show that any prejudice resulted from the lack of a verbatim transcript. Accordingly, appellants' second assignment of error is not well-taken and denied.
On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski, J., JUDGES CONCUR.
 ____________________________ JUDGE