BOARD OF TRUSTEES OF PERRY TOWNSHIP, APPELLEE, *v.* CICCHINELLI ET AL., APPELLANTS.

(No. CA-6957—Decided December 29, 1986.)

*Ross, Ross, Rufo & Hall* and *Charles D. Hall III,* for appellee.

*Thomas V. Ferrero,* Massillon law director, and *Kirk T. Albrecht,* for appellants.

WISE, J. Defendants-appellants Francis H. Cicchinelli, Jr., Mary Ann Coyne, Helen Maier and Delbert A. Demmer ("appellants") appeal the judgment of the Court of Common Pleas of Stark County granting an injunction preventing annexation. The injunction was petitioned for by plaintiff-appellee Board of Trustees of Perry Township ("Perry Trustees"). Appellants raise the following two assignments of error:

Assignment of Error No. I

"The Stark County Common Pleas Court erred in granting an R.C. 709.07 injunction based on a finding that the wrong statutory provisions were applied, specifically that the annexation petition should [not] have been filed under R.C. 709.02 through 709.10 as a petition of landowner but should have been filed as a petition of a municipality under R.C. 709.13 through 709.21."

Assignment of Error No. II

"The Stark County Common Pleas Court erred in granting an R.C. 709.07 injunction based on a finding that *In re Appeal of Bass Lake Community,* 5 Ohio St. 3d 141 (1983), obviates the necessity of proving the existence of an adversely affected legal right or interest on the part of the petitioning board of township trustees in order to grant an R.C. 709.07 injunction."

On November 18, 1985, Francis H.

Cicchinelli, Jr. filed an annexation petition pursuant to R.C. 709.02 regarding the annexation of 45.642 acres of land in Perry Township to the city of Massillon. Cicchinelli was acting as the "duly appointed" agent for the annexation petitioners. The annexation petitioners were all of the landowners in the territory to be annexed. Cicchinelli was also a councilman-at-large and the chairman of the Community Development and Annexation Committee of the Massillon City Council.

The Stark County Board of Commissioners held a public hearing on the annexation which the Perry Trustees attended. The county commissioners subsequently, by resolution dated March 26, 1986, granted the annexation. On April 18, 1986, the Perry Trustees filed the present action, seeking an injunction pursuant to R.C. 709.07.

The common pleas court below issued a permanent injunction enjoining appellants from further action on the annexation.

In reviewing this determination, we must consider two issues raised by the appellants. We must determine whether the Perry Trustees can, as a matter of law, prevail in an R.C. 709.07 injunction proceeding as the trial court concluded they could; and also, we must determine whether the trial court erred in finding error in the proceedings before the county commissioners and finding that the commissioners' decision was unlawful.

I

R.C. Chapter 709 provides for two methods to annex unincorporated territory into a municipality. R.C. 709.02 through 709.12 deal with annexation upon application of citizens. Consent is obtained from landowners on a petition. This was done in the case at bar. R.C. 709.13 through 709.21 deal with annexation by election initiated by the

governmental authority (city council) whose petition is in the form of an ordinance. The consent is obtained through the ballot box. These two methods are distinctly different and are distinguished by the procedural requirements set forth in the statutes. Nonetheless, the common pleas court below found that:

"* * * while the petition for annexation on its face appears to be that of certain property owners pursuant to R.C. 709.02—709.12, inc[lusive], that the annexation proceedings were actually those of the City of Massillon, Ohio in violation of R.C. 709.13 —709.21, inc[lusive], and, therefore, unlawful and invalid."

The trial court concluded that the city of Massillon was exercising extraterritorial jurisdiction without statutory authority by expending funds and providing free services of municipal employees and therefore it was error for the county commissioners to allow the annexation upon application of the residents. The court found this way partly because the Ohio Attorney General has stated:

"A municipal corporation may not expend municipal funds, offer the services of municipal employees, or offer the services of a firm or individual with which the municipality has contracted, in order to assist the residents of adjacent townships in proceeding with an application for annexation pursuant to R.C. 709.02 [for the reason that it] is not authorized by statute and would exceed the scope of the home rule powers of the municipality." 1986 Ohio Atty. Gen. Ops. No. 86-008, 2-33, at 2-36.

On this basis the court of common pleas found that the city of Massillon had abused its corporate power. However, we do not find that this is the proper forum for determining whether there was an abuse of corporate power by the city or other illegality entered

into by the city or its councilmen. The focus in the case at bar is upon the procedure before the county commissioners. We cannot find, as the court did below, that there was error in the proceedings before the county commissioners pursuant to R.C. 709.032 and 709.033. Nor can we find any fraud in the proceedings as alleged by the Perry Trustees. There was no question that Massillon in the case at bar was seeking to annex this portion of Perry Township. Many municipalities in this state openly court the opportunity to annex nearby unincorporated territory. Simply because the city of Massillon aided the landowners in petitioning for annexation does not make the procedure before the county commissioners improper or unlawful. None of the petitioning landowners has objected to the city's role in the annexation procedure. There is no fraud upon the county commissioners or upon the court in the case at bar. If the petition for annexation is otherwise valid, we see no reason for a permanent injunction to issue against the annexation. The fact that the city of Massillon desired such annexation and took steps to help effectuate such annexation does not render this petition for annexation one effectuated by a municipality, when in fact it was properly signed and requested by all of the landowners in the territory to be annexed.

For the reasons set forth above, we sustain appellants' first assignment of error.

## II

In the second assignment of error, the appellants contend that the Perry Trustees have no legal right or interest in the annexation proceedings and therefore cannot prevail on an R.C. 709.07 injunction. We agree.

The trial court concluded that R.C. 505.62 provides standing to a board of trustees of a township in any appeal taken pursuant to R.C. 709.07. Under R.C. 709.07, a board of township trustees is entitled to initiate injunction proceedings if the board has appeared as an adversary party at an annexation hearing pursuant to R.C. 709.032. See *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St. 3d 141, 5 OBR 273, 449 N.E. 2d 771.

R.C. 709.032 provides in part:

"* * * *Any person* may appear, in person or by attorney, and support or contest the granting of the prayer of the petition provided for by section 709.02 of the Revised Code. * * *" (Emphasis added.)

R.C. 505.62 provides:

"A board of township trustees may enter into a contract with, and appropriate township general revenue fund moneys for the services of, an attorney *to represent the township at annexation hearings before the board of county commissioners and upon any appeal of the board's decision pursuant to section 709.07* or Chapter 2506. of the Revised Code.

"The board of township trustees of a township that includes territory that is proposed to be annexed *has standing in any appeal* of the board of county commissioners' decision on the annexation of township territory that is taken pursuant to section 709.07 * * *, *if* the board of township trustees was represented at the annexation hearing before the board of county commissioners." (Emphasis added.)

R.C. 709.07 provides in part:

"(A) Within sixty days from the filing of the papers relating to the annexation * * * any person interested, and any other persons who appeared in person or by an attorney in the hearing provided for in section 709.31 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction * * *."

It is clear that township trustees are entitled to initiate proceedings for

an injunction as provided for in R.C. 709.07 upon the determination of the county commissioners to allow annexation. See *Bass Lake, supra*; and *Carlyn v. Davis* (1984), 14 Ohio App. 3d 22, 14 OBR 26, 469 N.E. 2d 989.

In the case at bar, the Perry Trustees did appear "in person" and "by attorney" at the hearing before the county commissioners held pursuant to R.C. 709.031 and 709.032. The annexation petition was granted by the county commissioners. Thus, pursuant to R.C. 505.62 and 709.07, the Perry Trustees initiated this action for injunctive relief.

However, appellants argue that the trustees were granted nothing more than "bare standing." Appellants maintain that R.C. Chapter 709 still does not allow for the granting of an injunction for the trustees unless they can, by clear and convincing evidence, prove harm to their legal rights or interests. We agree. R.C. 709.07 further provides in part:

"(A) * * * The petition of a *person interested* shall set forth facts showing:

"(1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;

"(2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 707.04, 709.032, or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.

"The petition of *any other person* shall set forth facts applicable to division (A)(2) of this section.

"* * *

"(D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence *that the annexation would adversely affect the legal rights or interests of the petitioner, and* that:

"(1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, *or* that the board's decision was unreasonable or unlawful; *or*

"(2) There was error in the findings of the board of county commissioners or in the election or certification by the board of elections of the results of the election held pursuant to division (D) of section 707.04 of the Revised Code." (Emphasis added.)

We agree with the trial court's conclusion that:

"R.C. 709.07(A) draws a clear distinction between 'interested persons' and 'any other person.' "

Since the township is not an "interested person" under R.C. 709.07 (A), the trustees need only allege that there was an error in proceedings or that the county commissioners acted unreasonably or unlawfully in granting the annexation petition in order to be able to initiate the injunction proceedings. But to prevent the petition for injunction from being dismissed, an "interested person" must show how his rights or interests will be adversely affected as well as show error in the proceedings or that the commissioners acted unreasonably or unlawfully.

Although a township need not be a property owner in order to pursue an R.C. 709.07 injunction, a problem arises when the court is called upon to review the petition pursuant to R.C. 709.07(D). This subsection requires the court to find by clear and convincing evidence both that the petitioners' legal rights or interests will be adversely affected and that there is error in the proceedings or unlawful, unreasonable conduct on the part of the commissioners. This standard of review comports with what an "interested person" is required to allege in his petition under R.C. 709.07(A)(1) and (2). But this does not comport with what "any other person" must allege

in his petition since he is not required to set forth "how the proposed annexation adversely affects the legal rights or interests of the petitioners." Appellants contend that therefore the Perry Trustees cannot prevail upon an R.C. 709.07 injunction.

We must consider the history of the pertinent statutory sections in order to better understand the intention of the legislature. R.C. 709.07 has been modified and amended many times. Its provisions were derived from "* * * the previously existing provisions of R.C. 707.11 through 707.14. These, in turn, were evolutionary developments of Chapters Two, Fifty-five and Fifty-six of the Municipal Code as it existed in 1874." *Weber* v. *Williams* (1972), 32 Ohio App. 2d 65, at 67, 61 O.O. 2d 57, at 58, 288 N.E. 2d 322, at 325.

*Weber, supra,* was one of two appellate decisions interpreting the meaning of "interested person" prior to the most recent amendment of R.C. 709.07 in 1980, but subsequent to the amendments to R.C. 709.02 *et seq.* which became effective December 1, 1967 and November 21, 1969. The term "interested person" was held to apply only to the owners of real estate sought to be annexed. *Weber, supra,* at 70, 61 O.O. 2d at 60, 288 N.E. 2d at 326. Thus, township trustees were precluded from seeking injunctive relief pursuant to R.C. 709.07. *Eaton* v. *Bd. of Cty. Commrs.* (1973), 45 Ohio App. 2d 316, 318, 74 O.O. 2d 485, 486, 345 N.E. 2d 87, 88.

In 1980, the Ohio Legislature amended R.C. 709.07, and at the same time enacted the original version of R.C. 505.62. See *Bass Lake, supra,* at 143. As originally enacted, R.C. 505.62 permitted the use of an attorney to represent the township upon an appeal pursuant to R.C. 709.07. At that time, R.C. 709.07 was amended to allow not only "any person interested," but also "any other person who appeared in person or by an attorney" at the county commissioners' hearing, to seek injunctive relief.

R.C. 505.62 was subsequently amended in 1984 to state that:

"* * * Township trustees of a township that includes territory that is proposed to be annexed * * * [have] standing in any appeal of the * * * county commissioners' decision of the annexation * * * if the * * * township trustees * * * [were] represented at the annexation hearing * * *."

Prior to this 1984 amendment, the Ohio Supreme Court released the *Bass Lake* decision. Although *Bass Lake* is not on point with the case at bar, the Supreme Court therein discussed some of the issues raised by the appellants. In *Bass Lake,* the county commissioners rejected the petition for annexation. The community of Bass Lake appealed to the common pleas court pursuant to R.C. Chapter 2506. The trial court refused to grant the township trustees standing to appeal because the trial court determined the township trustees were not interested, adverse parties with standing. The township trustees appealed, and the Ohio Supreme Court eventually heard the case. The Supreme Court stated in *Bass Lake, supra,* at 144, 5 OBR at 275, 449 N.E. 2d at 774, that the availability of appeal pursuant to R.C. Chapter 2506 is expressly limited by R.C. 2506.01 "to those whose rights, duties, privileges, benefits or legal relationships have been determined by the decision." The Supreme Court further stated in *Bass Lake,* at 144, 5 OBR at 276, 449 N.E. 2d at 774:

"From these provisions it can be seen that the General Assembly has afforded a considerable right of appeal to those whose rights are directly affected. In contrast, the General Assembly has provided *a carefully limited form of relief* for other persons

to oppose an annexation petition which has been granted. The General Assembly intended these other persons to contest the petition only by meeting the stiffer standards required for an injunction and thus R.C. 709.07 is their sole remedy. There is no protection afforded the township trustees under R.C. Chapter 2506." (Emphasis added.)

Following the *Bass Lake* decision, the legislature amended R.C. 505.62 to specifically grant standing to township trustees in any appeal of a decision of the county commissioners regarding annexation of township territory. But the legislature did not designate the trustees "interested persons." The legislature has not altered the "carefully limited form of relief" to allow trustees to prevail upon an R.C. 709.07 injunction without proving adverse effect to their interests.

The trial court below held that the adversely affected interest requirement under R.C. 709.07(D) is satisfied by the legislative grant of standing contained in R.C. 505.62. We disagree. To construe R.C. 709.07(D) in such a manner would not give effect to the the intent of the legislature. In effect, the trial court would amend R.C. 709.07(D) by judicial fiat. If the legislature had intended for "any other person" to be able to prevail upon an R.C. 709.07 injunction proceeding without having to prove any interest, it could have simply amended subsection (D) to say that. The manifest intention of the legislature in this statutory scheme was to allow township trustees to have a public forum where errors in the annexation proceedings could be pointed out and aired.

The township trustees were also given the power to hire an attorney and spend funds to appeal the granting of an annexation. But the legislature did not make the trustees "interested persons." The trustees could benefit from these proceedings only tangentially, where another party, who is "interested," has an injunction granted on his behalf.

We conclude that the Perry Trustees must prove, by clear and convincing evidence, that the annexation would adversely affect their legal rights or interests, in order to prevail upon an R.C. 709.07 injunction petition. The Perry Trustees cannot prove that their interests would be adversely affected. *Weber, supra; Eaton, supra.* However, the trustees could aid another petitioner whose interests are adversely affected and, in effect, prevail upon an injunction.

Therefore, we sustain appellants' second assignment of error.

Having sustained both of appellants' assignments of error, we reverse the judgment of the Court of Common Pleas of Stark County, dissolve the injunction and order the annexation.

*Judgment accordingly.*

MILLIGAN, P.J., and HOFFMAN, J., concur.