JOURNAL ENTRY and OPINION
Olmsted Township Board of Trustees, et al., plaintiff appellants, (hereinafter "Olmsted Township") appeal from the judgment of the Cuyahoga County Court of common Pleas, General Division, Case No. CV-348172, in which the trial court denied Olmsted Township's complaint for a permanent injunction against the annexation of approximately sixty-seven acres of property currently located in Olmsted Township by the City of Berea, Ohio, et al., defendants-appellees (hereinafter "City of Berea"). Olmsted Township assigns three errors for this court's review.
Olmsted Township's appeal is well taken.
This action is one of a series of annexation attempts by the City of Berea concerning land located in Olmsted Township. On May 2, 1997, Steven G. Rados, defendant-appellee, the statutorily designated agent for six owners of sixty-seven acres of land currently located in Olmsted Township, filed a unanimous petition for annexation with the Cuyahoga County Board of Commissioners seeking to annex the subject territory to the City of Berea. The signers of the petition included Steven G. Rados, Kenneth Rados, George Rados, Mary Rados, Karen Eastman and the Berea Board of Education. All of the individuals who signed the petition, with the exception of the Berea Board of Education, which owns property in Olmsted Township, are Rados family members.
The subject territory is bounded on the north by Nobottom Road, to the west by Lewis Road and the six parcels of land subject to annexation located along Lewis Road, to the south by a parcel owned by Norman and Michele Rados and a parcel owned by David Hollo, plaintiff-appellant, and his brother Joseph Hollo. The territory borders the City of Berea for approximately 560 feet. The total perimeter of the territory is approximately 9,500 feet.
On August 19, 1997, the Board of County Commissioners for Cuyahoga County conducted a public hearing on the petition as required by R.C. 709.031 and R.C. 709.032. At the hearing, the Board accepted both affidavit and personal testimony from individuals both for and against the annexation petition. The City of Berea submitted affidavit testimony from the mayor, the police chief, the assistant fire chief, the finance director, the safety/service director, the head of economic development and the recreation and human services director. The affiants maintained that the City of Berea was fully equipped to provide municipal services to the proposed annexation territory. The mayor of Berea and Steven Rados testified under oath on behalf of the City of Berea. The mayor reiterated Berea's ability to provide services to the subject territory. Mr. Rados stated that he believed Berea was better equipped to provide water and sewer to the territory and possessed more foresight as to the future of the property. The commissioners refused to allow counsel for Olmsted Township to cross-examine Mr. Rados during the hearing.
Olmsted Township maintained that the territory in question was not sufficiently contiguous to the City of Berea to satisfy the requirements of R.C. 709.02 and, therefore, would fail to promote the concept of municipal unity. Olmsted Township argued further that the services provided by the township were equal with or superior to those provided by the City of Berea and, therefore, the proposed annexation would not improve those services or the quality of life for the residents in the annexation territory. Karen Stralka, an Olmsted Township trustee, testified under oath on behalf of Olmsted Township.
On November 12, 1997, the commissioners unanimously resolved to approve the petition for annexation finding that the petition had satisfied each requirement of R.C. 709.033. Subsequently, on January 30, 1998, Olmsted Township filed the instant action in the Cuyahoga County Court of Common Pleas pursuant to R.C. 709.07
seeking to permanently enjoin the City of Berea from passing legislation accepting the annexation petition. The trial court issued a temporary restraining order preventing the City of Berea from accepting the petition. This order was extended so that the trial court could conduct a hearing on the merits of Olmsted Township's complaint.
On March 3, 1998, the trial court conducted a hearing pursuant to R.C. 709.07(C). Prior to the commencement of the hearing, the trial court indicated that the motion in limine filed by the City of Berea would be granted in part and denied in part. The trial court stated as follows:
 There's been an issue raised here with respect to the cross-examination rights of the plaintiff with regard to certain testimony that was taken before the board of commissioners.
 And the court finds at this juncture that the court is precluded from receiving evidence on two issues, those are the discretionary matters that were exercised by the county commissioners. And that's with regard to whether the general good of a territory sought to be annexed would be served if the annexation petition were granted. And whether the territory is unreasonably large. So the court will not permit cross-examination with respect to those two issues.
 The court will permit other relevant cross-examination as the situation arises. And you're, of course, free to object as we go along, Mr. Sponseller, if you feel he's outside the scope.
(T. 3-4.)
The hearing then commenced during which Olmsted Township called the following witnesses: William S. Freeh, Jr.; David Hollo; Karen Stralka; and Steven Rados. Mr. Freeh and Mr. Hollo, both Olmsted Township residents who own property adjoining the proposed annexation territory, testified that the proposed annexation would negatively impact the value of their respective properties and irreparably harm the character of the community.[1]
Ms. Stralka's testimony centered upon the effect that the proposed annexation would have on Olmsted Township's ability to complete a master land-use plan, that had been funded by a community development block grant, in a timely manner and the ability of Olmsted Township to obtain similar community development block grants in the future.
Olmsted Township then called Steven raids as its fourth and final witness Counsel for Olmsted Township attempted to question Mr. raids regarding his intentions for his property should the annexation be adopted and whether Mr. raids had ever had his property appraised in order to determine its fair market value. The trial court sustained the City of Berea's objections to this line of questioning stating:
 Counsel, you're only going to be able to ask him about the issue of whether it's contiguous sufficiently or questions involving notice, procedural issues about the hearing, that's all that I'm going to permit you to ask him on cross.
(T. 76.)
At the conclusion of the hearing, counsel for Olmsted Township made a proffer for the record which consisted of Mr. raids' proposed testimony as if upon cross-examination. Counsel for Olmsted Township maintained that Mr. rados intends to sell his property once the annexation is complete; Mr. rados did not care what happened to the property once he sold; Mr. rados did not care how the property was zoned after the sale; Mr. Raids merely intends to sell the property to the highest bidder; Mr. raids has no written commitment from the City of Berea regarding the extension of sewer and water into the territory; Mr. raids was unaware of development plans under consideration by Olmsted Township; and Mr. raids has no consideration as to the effect of annexation of the subject territory on his immediate neighbors or Olmsted Township in general. (T. 78-81.)
On March 9, 1998, the trial court issued the following judgment entry which provided in pertinent part:
 The court finds that the plaintiff Olmsted Township has failed to show by clear and convincing evidence an adverse effect upon the legal rights of the Plaintiff. The motion for permanent injunction is overruled.
On March 16, 1998, Olmsted Township filed a timely notice of appeal from the judgment of the trial court. This court subsequently issued a temporary injunction preventing the City of Berea from adopting the annexation petition pending the final outcome of the case on appeal.
On appeal, Olmsted Township assigns three errors for this court's review. In the interest of judicial economy, this court shall address Olmsted Township's second and third assignments of error prior to addressing Olmsted Township's first assignment of error.
Olmsted Township's second assignment of error states:
 II. THE TRIAL COURT ERRED BY LIMITING THE TESTIMONY RECEIVED INTO EVIDENCE AT ITS HEARING ON APPELLANTS' COMPLAINT FOR A PERMANENT INJUNCTION AGAINST ANNEXATION.
Olmsted Township's third assignment of error states:
 III. THE TRIAL COURT ERRED BY DENYING APPELLANTS' THEIR FAIR HEARING RIGHT TO CROSS-EXAMINE THE INDIVIDUALS WHO PREVIOUSLY TESTIFIED IN SUPPORT OF THE PETITION WHEN THE COMMISSIONERS ALSO DID NOT ALLOW CROSS-EXAMINATION OF COMMISSIONERS ALSO DID NOT ALLOW CROSS-EXAMINATION OF THOSE WITNESSES AT THEIR PUBLIC HEARING ON THE PETITION.
Having a common basis in both law and fact, this court shall consider Olmsted Township's second and third assignments of error simultaneously. Olmsted Township argues, through its second and third assignment of error, that the trial court erred by refusing to allow cross-examination at the March 3, 1998 hearing on the request for permanent injunction. Specifically, Olmsted Township maintains that it was denied the opportunity for a full and fair hearing on the petition since it was prevented from cross-examining Steven raids, the statutorily designated agent for the land owners filing for annexation, as to his motivation and intention behind the petition for annexation. Olmsted Township argues further that, in light of the commissioners refusal to allow cross-examination of witnesses during the public hearing on the petition, the combined decisions have the effect of depriving Olmsted Township of its constitutional due process right to a full and fair hearing on the petition since the township was never permitted to cross-examine Mr. raids at any stage of the proceedings.
In the related case of Olmsted Township Board of Trustees v.City of Berea, et al. (June 18. 1998), Cuyahoga App. No. 73782, unreported, this court dealt with the exact issue raised by plaintiffs-appellants herein, namely the right to cross-examine witnesses both at the public hearing stage of annexation proceedings as well as at the trial court level during any subsequent appeal from the decision of the Board of County Commissioners. In that case, the City of Berea was attempting to annex territory which included a horse farm located within Olmsted Township owned by David Hollo, who is also a party to the current appeal. As in the current case, Olmsted Township maintained that it was denied a full and fair hearing by both the Board of County Commissioners and the trial court since cross-examination on the substance of the annexation petition was not permitted. This court determined that appellants were not, as a general rule, entitled by statute to cross-examine witnesses at the public hearing. See In re Annexation of theTerritory of Riveredge Twp. to Fairview Park (1988), 46 Ohio App.3d 29. However, this court determined further that the trial court did, in fact, err by refusing to allow cross-examination during the injunctive hearing held before the trial court pursuant to R.C. 709.07. The trial court stated as follows:
* * *
 the appellants contend that the trial court erred in refusing to permit cross-examination on the substantive issues during the injunction hearing held before the trial court pursuant to R.C. 709.07. The legislature determined in R.C. 709.07(C)(D) that:
* * *
 (C) The court of common pleas shall hear the petition not less than twenty days from the filing thereof, and at the hearing the court may hear evidence upon matters averred in the petition.
 (D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:
 (1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 [709.03.2] or 709.033 [709.03.3] of the Revised Code, or that the board's decision was unreasonable or unlawful; or
 (2) There was error in the findings of the board of county commissioners.
 Thus, by the very language in R.C. 709.07(C), the legislature has determined that the trial court may, if it so chooses, hear evidence on matters in the petition. The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon a showing of an abuse of discretion. Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296. In order to constitute reversible error, the limitation on cross-examination by the trial court must be unreasonable, arbitrary, or unconscionable. Ede v. Atrium S. OB-GYN, Inc.
(1994), 71 Ohio St.3d 124. As the appellants point out, the importance of full cross-examination can scarcely be over-estimated. While an old proposition, it is true even today that as a test of the accuracy, truthfulness, and credibility of testimony, cross-examination is invaluable. Martin v. Elden (1877), 32 Ohio St. 282, 287. It is the clear right of a party cross-examining a witness to elicit suppressed facts which weaken or qualify the case of the opposition. Id.
 Turning to the requirements of R.C. 907.07(D), it is noteworthy that the Supreme Court held in Middleton v. McGee (1988), 39 Ohio St.3d 284, that in order to avoid dismissal of a petition for injunction, appellants must present clear and convincing evidence that the annexation would adversely affect their legal rights or interests, and that either there was prejudicial error in the proceedings or findings of the board, or that the board's decision was unreasonable or unlawful. A landowner in the territory to be annexed, without more, is adversely affected if that owner does not desire to have the land annexed. Id.
 Appellants herein have satisfied the first burden. Simply by objecting to the annexation they have provided clear and convincing evidence that the annexation would affect their legal rights. The appellants must next show that either: 1) there was prejudicial error in the proceedings or findings of the board; or 2) that the board's decision was unreasonable or unlawful. McGee, supra. Essentially, the appellants are arguing that in order to prove either of these that they must be permitted to cross-examine the appellee as to the motivation for annexing the appellants' property. We agree.
* * *
 Absent from the record was evidence as to why the appellees included the appellants' property, when even a brief glimpse at a map will show the farm to be clearly unnecessary to the annexation of the rest of the territory. Without the right to question the inclusion of the farm, it is seemingly impossible for the appellants to meet their burden under McGee by clear and convincing evidence. Because these questions were never asked by the commissioners, and because they are crucial to the appellants' ability to meet their burden of proof, the trial court should have permitted this limited cross-examination.
In the case sub judice, applying this court's previous holding set forth above, it is apparent that the trial court erred by refusing to allow limited cross-examination of Mr. raids for the specific purpose of determining his motivation for seeking annexation and his intentions for the subject property in the near future should the annexation go forward. It is well established that the mere filing of an annexation petition does not relieve township trustees of their burden of proving by clear and convincing evidence that the annexation adversely affects their legal rights or interests. See Deerfield Township Board ofTrustees v. Bayshore (May 12, 1997), Warren App. No. CA9G-09-091, unreported, citing Board of Perry Twp. v. Cicchinelli (1986),35 Ohio App.3d 173, 178, 520 N.E.2d 235, 239. Accordingly, Olmsted Township should be permitted to elicit testimony upon cross-examination that is necessary to meet its burden of proof in the trial court. Without, at the very least, the opportunity to cross-examine Mr. raids at some point in the proceedings, that burden becomes difficult, if not impossible, to satisfy. As this court previously determined in Olmsted Township, supra, "this court must note that even though it is clear that the legislature and the courts find annexation to be favored, In Re Petition toAnnex 320 Acres, supra, citing to McGee, supra, this is not to the purpose. What has occurred herein is a major decision regarding the ownership of land, and it has been issued without the right of cross-examination at any stage in the proceeding. Such a result is untenable." Id. at 21. Accordingly, the trial court should have permitted limited cross-examination of Mr. raids on the substantive issues in the annexation petition.
Olmsted Township's second and third assignments of error are well taken.
Olmsted Township's first assignment of error states:
 I. THE TRIAL COURT ERRED BY CONCLUDING THAT ANNEXATION OF THE TERRITORY INVOLVED IN THE PETITION WOULD NOT ADVERSELY AFFECT APPELLANTS' LEGAL RIGHTS AND/OR INTERESTS.
Olmsted Township argues, through its first assignment of error, that the trial court improperly concluded that it had failed to demonstrate by clear and convincing evidence that the proposed annexation would adversely affect Olmsted Township's legal rights and/or interests. See In re Petition to Annex 320Acres (1992), 64 Ohio St.3d 585, 591, 597 N.E.2d 463, 567-468. In light of this court's ruling on Olmsted Township's second and third assignments of error, the remaining assignment of error is hereby rendered moot pursuant to App.R. 12(A)(1)(c) and will not be addressed by this court at this time.
This judgment of the trial court is reversed and remanded for further proceedings consistent with this court's-opinion
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., and SWEENEY, JAMES D., J., CONCUR.
 ______________________________ MICHAEL J. CORRIGAN JUDGE
[1] Mr. Hollo's property, a horse farm, is currently the subject of a separate annexation attempt by the City of Berea pending on appeal in this court.